## HAMILTON *v.* WINTERROWD ET AL.

<div style="float:right">
43 | 393<br>
134 | 586
</div>

INTEREST.—*Extension of Time of Payment.*—Where interest has been paid in advance, under an agreement to extend the time of payment of the principal debt, it is not of any importance in a suit against a surety that the rate of interest paid was greater than the legal rate.

SAME.—*Implied Agreement to Forbear.*—If a creditor receives of his debtor interest on his debt in advance, the law implies from such transaction an agreement of forbearance during the time for which such interest is paid in advance, unless there is an agreement to the contrary. An agreement for forbearance need not be express.

PLEADING.—It is sufficient to state in a pleading facts from which the law implies an agreement, without in terms averring the agreement.

SAME.—In a suit on a note, though an answer by a surety allege that the time of payment of the note was, for a valuable consideration, extended for six months, without the surety's knowledge or consent, and the facts alleged are such that the law will imply an extension of time for a shorter period, the answer will be good on demurrer.

Hamilton *v*. Winterrowd *et al*.

PRACTICE.—*Amendment.*—*Variance.*—An amendment which might have been made in the court below, to make a pleading correspond with the proof, will in the Supreme Court be deemed to have been made.

From the Shelby Circuit Court.

*A. Major*, *S. Major*, and *C. A. Ray*, for appellant.

*E. H. Davis* and *C. Wright*, for appellees.

WORDEN, J.—This was an action by the appellant against the appellees, Andrew J. Winterrowd, Simeon Carney, and Jackson Maple, upon a promissory note executed by the defendants to the plaintiff, for the sum of sixteen hundred dollars, dated April 25th, 1866, payable ninety days after date. Issue, trial by the court, finding and judgment for the defendants, a new trial having been refused to the plaintiff.

Winterrowd was discharged by proceedings in bankruptcy, and no question is made as to him. Maple and Carney pleaded as follows:

" The defendants, Maple and Carney, for answer to plaintiff's complaint, say that they admit the execution of the note sued on, but say that plaintiff should not recover against them, for they say that they and each of them signed their names to said note as the sureties of their co-defendant Winterrowd, and that the plaintiff knew [and] had notice at the time he received said note. And that afterward, on the 12th day of March, 1867, the plaintiff agreed with the defendant Winterrowd, in consideration that he, Winterrowd, would pay the plaintiff a large sum of money as and for the interest then due upon said note, and the interest in advance for six months next after said date, at the rate of twelve per cent. per annum, that he, the plaintiff, would extend the time of payment of said note for six months from said 12th day of March, 1867; and these defendants say that for that purpose, the defendant Winterrowd did pay the plaintiff one hundred and seventy-six dollars, and plaintiff agreed with defendant Winterrowd to extend the time for the payment of said note for the space of six months from and after the

12th day of March, 1867, without the knowledge or consent of these defendants, or either of them; wherefore," etc.

The plaintiff filed a demurrer to this answer for the want of sufficient facts, but it was overruled and exception taken. The ruling is assigned for error.

It is objected to the answer, as we understand the briefs of counsel for the appellant, that it is bad because the sum alleged to have been paid on the 12th of March, 1867, viz., one hundred and seventy-six dollars, was not sufficient to pay the interest that had then accrued upon the note, at the rate specified, and also to pay the interest in advance for six months at the same rate. This objection is based on the theory that, at the time the alleged payment was made, no interest had been paid on the note. It does not appear by any express allegation whether any, or if any, how much, had then been paid. But we think the pleading means, fairly interpreted, that the one hundred and seventy-six dollars covered the unpaid interest and the interest in advance for six months, both at the rate specified. But there is also another view of the pleading, assuming that no interest had been paid previous to March 12th, 1867. The interest on the note from its maturity to that date, at the rate specified, would be, as we compute it, about one hundred and twenty dollars. This deducted from the amount paid left fifty-six dollars to be applied as interest in advance. This would pay at the rate specified, for the time of three months and a half. The pleading is, therefore, in any aspect in which it may be viewed, good. We do not consider it of any importance that the rate paid was greater than the legal rate of interest. *Dickerson* v. *The Board of Commissioners of Ripley Co.*, 6 Ind. 128. The payment of interest in advance by a debtor to the creditor, the latter receiving it as such, implies an agreement for forbearance during the time for which such interest is paid, unless there is some agreement or understanding to the contrary. The counsel for the appellant claim that there must have been an express agreement for forbearance. We do not think so. The law implies con-

tracts in a great variety of cases. Those that are implied are as binding as those which are expressed by the parties. A very large proportion of the contracts that are made the subjects of adjudication are those implied by law. When a debtor pays to his creditor interest in advance on money which he owes him, and the creditor receives it as such, in the absence of any understanding to the contrary, the implication is irresistible that the debtor is to have the use of the money during the time for which interest is paid, and that the creditor shall forbear enforcing collection during the same time. We think the law clearly implies an agreement for forbearance in such case. We are aware that in Massachusetts, some other states, perhaps, following her, a contrary doctrine has been apparently held, but other authorities sustain the view which we take of the law in this respect: *Crosby* v. *Wyatt*, 10 N. H. 318; *New Hampshire. Savings Bank* v. *Colcord*, 15 N. H. 119. See, also, the case in this court of *Jarvis* v. *Hyatt*, *ante*, p. 163.

The answer shows, as we have seen, that interest was paid in advance, for at least three months and a half, from which the law implies an agreement to forbear during that time. It, therefore, states facts sufficient to bar the action as against the sureties, even though the pleading might be deemed bad as setting up an agreement to forbear for six months.

There is, to be sure, no allegation of an agreement to forbear for three months and a half, but the facts are stated from which the presumption of such an agreement arises. The doctrine of implied agreements rests on presumption. "'Implied contracts,' says BLACKSTONE (vol. 2, p. 443), 'are such as reason and justice dictate, and which, therefore, the law presumes that every man undertakes to perform.'" 1 Pars. Con., 5th ed., p. 4. Presumptions of law, however, need not be stated in pleading. 2 G. & H. 111. It follows that under our code it is sufficient to state facts from which the law implies an agreeement, without in terms averring the agreement. *Wills* v. *Wills*, 34 Ind. 106. This is also the rule in New York. *The Jordan and Skaneateles Plankroad*

*Co.* v. *Morley*, 23 N. Y. 552. In this case the court say: "In pleading under the code, it is sufficient to state the facts from which the law infers a liability, or implies a promise." See, also, *Conaughty* v. *Nichols*, 42 N. Y. 83.

We come to the motion for a new trial. A new trial was asked only on the ground that the finding was not sustained by the evidence and was contrary to law.

The finding was clearly sustained by the evidence. It sufficiently appears that Carney and Maple were the sureties of Winterrowd, of which the plaintiff had notice, and that the extension of time, whatever it may have been, was given without the knowledge or consent of the sureties. Winterrowd was sworn as a witness, and on the subject of the extension of time, testified as follows : " I paid interest after the note matured two or three times, perhaps four times ; can't tell just how often I paid. I extended the note by payment of interest. Know I paid it as much as ninety days in advance. May have paid one or more times thirty days in advance. I paid for three months forty-eight dollars. Paid the first in money. May have paid the last in a check running a few days. The first I paid was at maturity for three months, to get three months more time. In three months I paid again forty-eight dollars. Once I paid for one month or five months, but I can't say certainly which. Then I paid for three months again. I paid at the rate of twelve per cent. These payments were made for an extension of time. I did sometimes let it run past the extension, and then paid back interest and three months in advance. The last payment was either in March or May, 1867. This embraced, I think, one or two months' interest due, and three or four months' in advance, making five months' interest paid at one time. I paid interest on several notes at the same time, but each separately, and a memorandum was made on the note of time to which interest was paid. I never paid interest on any note that was not taken up but that I paid also in advance. I never paid interest up to date of payment only. If there was any interest unpaid, I paid that

and also interest in advance for extension. I can hardly tell how much interest I paid on this note, but I think two hundred and forty to two hundred and fifty dollars. If any difference, I think more than that."

The plaintiff was also sworn as a witness, but his testimony does not very materially differ from that of Winterrowd. He said he thought interest might have been paid in advance on the note.

The variance, if there was any, between the facts proved, and those alleged in the answer, as we have construed it, was amendable. The answer was " proved in its general scope and meaning," and the variance related only to the length of time for which the interest was paid in advance. In such case an amendment could have been made in the court below, to make the pleading correspond with the proof. 2 G. & H. 114, secs. 94, 95, and 96. The amendment will be deemed to have been made. 2 G. & H. 278, sec. 580.

The judgment below is affirmed, with costs.