## HAMILTON *v.* WINTERROWD ET AL.

PLEADING.—*Principal and  Surety.—Extension of  Time to Principal.*—In an action on a promissory note, an answer by sureties alleging that at the maturity of the note the creditor, without the knowledge or consent of the sureties, received of the debtor a certain sum of money, being " the interest then due and the interest in advance for six months," and extended the time of payment of said note six months, is good, though the sum alleged to have been paid would not more than cover the amount of interest that appeared to be due at the date of the payment; the answer not showing but that a part of the accrued interest had before that time been paid.

From the Shelby Circuit Court.

*A. Major, S. Major,* and *C. A. Ray,* for appellant.

*E. H. Davis* and *C. Wright,* for appellees.

WORDEN, J.—This was an action by the appellant against Andrew J. Winterrowd, James Winterrowd, Jackson Maple, and David Conger, upon a promissory note executed by the defendants to the plaintiff, for the sum of four thousand dollars, dated January 9th, 1866, and payable ninety days from date. On issue joined there was a trial by the court, which resulted in a finding and judgment for the defendants, over a motion by plaintiff for a new trial.

The two Winterrowds were discharged by proceedings in bankruptcy, and as to them no question is made.

The defendants Maple and Conger pleaded, among other things, as follows :

"The defendants, Jackson Maple and David Conger, answering for themselves, say that they admit the execution of the note sued on, but say that they signed their names to said note as the surety of their co-defendant, Andrew J. Winterrowd, which fact the plaintiff well knew, and had full knowledge thereof when he took said note, and that no part of the consideration of said note was received by these defendants, as the plaintiff well knew; and defendants say that after the maturity of said note, to wit, on the 20th day of April, 1867, the plaintiff without the knowledge or consent of these defendants, in consideration that said Andrew J. Winterrowd would pay the plaintiff the interest then due upon said note, and the interest in advance for six months from and after the said 20th day of April, 1867, agreed with the said defendant, Andrew J. Winterrowd, to, and did, receive of and from him, the said Andrew J. Winterrowd, the sum of two hundred and forty dollars, the interest then due on said note and the interest in advance for six months from and after that date, and did extend the time of paying off said note for the time aforesaid, without the knowledge and consent of these defendants; wherefore," etc.

Another paragraph was also filed by them, setting up their discharge in a slightly different manner. A joint demurrer for want of sufficient facts was filed to both paragraphs, but

was overruled, and exception was taken.　The overruling of the demurrer is assigned for error.

The objection made to the paragraph set out is, that the two hundred and forty dollars, paid on the 20th of April, 1867, did not pay the interest that was then due on the no'.e, and hence that there was no interest paid in advance; and therefore, that there was no consideration for the agreement to extend the time.　At the time the payment is alleged to have been made, the note was a year and a few days past due.　The sum alleged to have been paid would only meet the interest on the note for a year.　Hence if no interest had been previously paid, the amount paid would not quite cover the interest then due.　The objection made is based upon the theory that no interest had been previously paid.　Whether there had been or not, does not appear by direct averment. But we think the fair and just meaning of the pleading is, that the two hundred and forty dollars covered whatever interest was then due, and also six months interest in advance.　With this construction the answer is unobjectionable.　We need not notice the other paragraph.　The demurrer was properly overruled, the one being good.

There is no other question in the case but that arising on the motion for a new trial, which was asked on the ground only that the finding was contrary to law and not sustained by the evidence.

We cannot, in accordance with the well established practice, disturb the finding.　The evidence tended very strongly to establish the substance of the defence.　The case is, in some respects, similar to that of *Hamilton* v. *Winterrowd, ante*, p. 393, in which much that was said is applicable here.

The judgment below is affirmed, with costs.