### HAMILTON *v.* WINTERROWD ET AL.

PLEADING.—*Principal and Surety.*—*Extension of Time.*—In a suit on a note, an answer by a surety, alleging that the plaintiff agreed with the principal debtor without the knowledge and consent of said surety, that if the debtor would pay interest in advance at the rate of twelve per cent. per annum, the plaintiff would extend the time of payment for ninety days, and that said debtor did pay said interest at twelve per cent. per annum for ninety days, and plaintiff did give such extension, sufficiently showed that the interest was paid in advance, and was a good answer.

From the Shelby Circuit Court.

*A. Major, S. Major,* and *C. A. Ray,* for appellant.

*E. H. Davis* and *C. Wright,* for appellees.

WORDEN, J.—Action by the appellant against the appellees on two promissory notes executed by the defendants to the plaintiff, each for the sum of one thousand dollars, and each payable ninety days after date, one dated January 9th, 1866, and the other June 20th, 1866. Issues made up, trial thereof by the court, finding and judgment for the defendants, the plaintiff having unsuccessfully sought a new trial.

The two Winterrowds were discharged in bankruptcy; it will, therefore, be unnecessary to notice them.

David Conger pleaded as follows, after setting up that he was only a surety on the note, of which Hamilton had notice: "That the plaintiff, without the knowledge and consent of this defendant, on or about the 12th day of March, 1867, agreed with the defendant A. J. Winterrowd, and in consideration that said Winterrowd would pay him interest in advance at the rate of twelve per cent. per annum, to extend the time of payment for ninety days, and defendant says that said Winterrowd did pay said interest at twelve per cent. per annum for ninety days, and plaintiff did give such extension on both of said notes; and the defendant further says that at the expiration of said ninety days, plaintiff, upon like agreement with defendant Winterrowd, did further extend said time of payment for twelve months, and that to procure such extension, defendant A. J. Winterrowd

did agree to pay, and did pay the plaintiff, twelve per cent. interest per annum on both of said notes, and did pay the same, and thereby obtained the extension on said notes without the knowledge and consent of the defendant Conger."

The plaintiff filed a demurrer to this paragraph for want of sufficient facts, but it was overruled, and he excepted.

This ruling is assigned for error. It is objected that the paragraph does not allege that any interest was paid in advance. We think it does. It alleges that the plaintiff agreed, "in consideration that said Winterrowd would pay him interest in advance at the rate of twelve per cent. per annum, to extend the time of payment for ninety days," and "that said Winterrowd did pay said interest," etc. "Said interest" can signify nothing but the interest in advance, which, and none other, had just been mentioned. The answer, we think, was good. See case of *Hamilton* v. *Winterrowd, ante,* p. 393.

The only other question relates to the sufficiency of the evidence to sustain the finding. The evidence strongly tended to sustain the finding. There was some conflict in the evidence in some respects. Hamilton says, " Conger knew Winterrowd had paid interest in advance, and he acquiesced. He told me it was all right and would be right."

Conger, on the contrary, says, " I did not know that Winterrowd had been paying this interest, and I never acquiesced in it nor in any extension. I never knew anything about it."

The judgment below is affirmed, with costs.