## WHITE *v*. WHITNEY.

PRACTICE.—*Striking Out Pleading.*—There is no available error in striking out a good paragraph of answer, if all the material facts stated in it are admissible in evidence under a remaining paragraph.

PRINCIPAL AND SURETY.—*Extension of Time of Payment.*—An extension of the time of payment of a promissory note for a definite period after maturity, upon an agreement therefor, made, without the knowledge or consent of the surety, by the payee and the principal maker, in consideration of the payment by the latter to the former of a sum greater than the interest which the note would bear for such period, will discharge the surety.

From the Jefferson Circuit Court.

*W. T. Friedley* and *J. Y. Allison*, for appellant.

*J. Roberts* and *R. Cravens*, for appellee.

BIDDLE, C. J.—Suit on a promissory note, made by John Hugh and the appellant to the appellee.   Process was not served upon Hugh, nor did he appear in the case.   White answered:

1. By general denial.

2. That the note was given for the loan of money to said Hugh, and for no other purpose; that Hugh received the entire consideration therefor; that appellant was surety for Hugh, which was known to the appellee; that Hugh agreed with the appellee to pay him four dollars, if he would extend the time of payment of the note one month after its maturity; that appellee accepted the four dollars, and agreed to, and did, so extend the time of payment, which agreement was so made without the knowledge or consent of the appellant.

The third, fourth and fifth paragraphs of the answer were

similar to the second, and need not be particularly noticed, as a decision upon the second will decide the principle governing all. The fifth paragraph was rejected on motion. There is no error in this, whether it was good or bad, as all the facts alleged in it could have been given in evidence under the second.

Demurrers were filed to the second, third and fourth paragraphs of answer, alleging a want of facts as cause, and sustained. Proper steps were taken for an appeal, and the case brought before us.

The note was for four hundred dollars, with interest at the rate of ten per cent.; consequently, the payment of four dollars for one month's interest was at a higher rate than that demanded by the note, and higher than could have been collected by law; yet the contract for delay was good, and could have been enforced by Hugh against the appellee. 3 Ind. Stat. 318, sec. 2; *Wiley* v. *Starbuck*, 44 Ind. 298; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Abel* v. *Alexander*, 45 Ind. 523.

An agreement, founded on a consideration, made between the principal maker of a promissory note and the payee, without the knowledge or consent of the surety, which can be enforced, to extend the time of payment beyond the maturity of the note, to some definite period, will discharge the surety. *Dickerson* v. *The Board, etc.*, 6 Ind. 128; *Redman* v. *Deputy*, 26 Ind. 338; *Calvin* v. *Wiggam*, 27 Ind. 489; *Cross* v. *Wood*, 30 Ind. 378; *Menifee* v. *Clark*, 35 Ind. 304; *Jarvis* v. *Hyatt*, 43 Ind. 163; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Hamilton* v. *Winterrowd*, 43 Ind. 398; *Hamilton* v. *Winterrowd*, 43 Ind. 401; *Montgomery* v. *Hamilton*, 43 Ind. 451; *Huff* v. *Cole*, 45 Ind. 300; *Abel* v. *Alexander*, 45 Ind. 523.

It seems to us that the agreement set up in the second paragraph of answer fulfils all the requisites of a defence. We think the court erred in sustaining the demurrer to this paragraph.

The judgment is reversed, with costs; cause remanded,

with instructions to overrule the demurrer to the second paragraph of answer, and for further proceedings according to this opinion.