## BUCK *v.* SMILEY.

PRINCIPAL AND SURETY.—*Extension of Payment of One, on Promise to Pay Another, Promissory Note.—Answer.*—In an action by the payee, against the makers, on a promissory note, one of the defendants answered that he was merely surety for his co maker, as the plaintiff well knew when the note was executed; and that, without the knowledge or consent of the surety, the payee had verbally extended the time of payment of the note, for a specified period, in consideration of the verbal promise of the principal to pay, before its maturity, a promissory note executed by him alone to the payee, which would not mature within the time of the extension of the note in suit.

*Held,* on demurrer, that the agreement of extension was valid, and that the answer is sufficient.

From the Rush Circuit Court.

*G. B. Sleeth* and *J. W. Study*, for appellant.

*B. L. Smith*, for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant and one Jacob B. Day, as defendants, for the recovery of the amount alleged to be due on two promissory notes.

The complaint was in two paragraphs, each counting on a separate note, executed by said Jacob B. Day and the appellant, and payable to the appellee.

The defendant Day separately answered, setting up matter of set-off as a partial defence to the action ; to which separate answer the appellee replied by a general denial. The appellant separately answered in a single paragraph, to which the appellee demurred, upon the ground that it did not state facts sufficient to constitute a defence to his action. This demurrer was sustained by the court, and to this decision the appellant excepted, and refused to answer further.

The cause was tried by the court, and a finding made for the appellee, against both defendants ; and, " by agreement of parties," it was further found by the court that the appellant was surety on the notes in suit.

Judgment was then rendered by the court upon and in accordance with its finding, from which said judgment this appeal is now here prosecuted.

In this court, the appellant has assigned the following alleged errors :

1.    The circuit court erred in sustaining the appellee's demurrer to the appellant's answer ; and,

2.    The circuit court erred in rendering judgment against the appellant and in favor of the appellee.

Upon these alleged errors, the only question for our decision is this :    Were the facts stated in the appellant's an-

swer sufficient to constitute a defence, in his behalf, to the appellee's action ?

In his answer, the appellant admitted the execution of the notes in suit, but he said that he signed the same as the surety for his codefendant, Day, who was the principal in said notes, and in no other manner whatever, which was well known to the appellee at the time, and that he had no other interest in said notes than as the security of said Day; that, on the 20th day of September, 1875, the appellee proposed to the defendant Day, without the appellant's knowledge or consent, that he, the appellee, would extend the time of payment of the notes sued on, for a period of ninety days from the said 20th day of September, 1875, if he, the said Day, would agree and promise to pay the appellee another note, which the appellee held against said Day, which would not fall due until the 25th day of December, 1875, and would not be due in ninety days from said 20th day of September, 1875, which proposition was accepted by said Day, and which said agreement was entered into then and there by the appellee and said Day, whereby it was agreed, in consideration of the promise of the payment of the note not due at the same time of the payment of the notes in suit, that the time for the payment of the notes sued on should be extended for a period of ninety days from the 20th day of September, 1875, and that, in pursuance of said agreement, the time of the payment of the notes in suit was extended for a period of ninety days, which contract and agreement were made and entered into without the appellant's knowledge or consent. Wherefore, and by reason of the facts stated, the appellant said that he was not liable on said notes, and that he was released as surety thereon, and he prayed judgment for costs, and for all other proper relief.

It is very clear, we think, that this answer stated facts

sufficient to constitute a good defence to the appellee's action. It was alleged therein, that the appellant was the surety only of his codefendant, Day, in the notes in suit, and that this fact was well known to the appellee, the payee of said notes, and that the appellee, without the appellant's knowledge or consent, upon a valuable consideration, extended the time of the payment of said notes for a period of ninety days from the 20th day of September, 1875. We say that this extension for a fixed period was made upon a valuable consideration, because it can not be doubted that the promise of the defendant Day, to pay his other note to the appellee, before its maturity, was a valuable consideration, sufficient to sustain the appellee's contract for such extension of time. The promises of the appellee and the defendant Day, stated in the appellant's answer, were mutual promises. The appellee promised to extend the time of payment of the notes sued on, for the fixed period of ninety days, in consideration of Day's promise to pay his other note before its maturity; and Day's promise to pay such other note before its maturity was made in consideration of said extension of the time of payment of the notes in suit. Each of said promises was a sufficient consideration for the other promise; and each promise was therefore valid and binding upon the promisor, and could have been enforced by the promisee. By his contract, the appellee, the payee of the notes sued on, was legally bound and restrained from any action or suit at law for the recovery of said notes, for a period of ninety days from the date of said contract; and this contract was made by the appellee with the principal in said notes, upon a new and sufficient consideration, and without the knowledge or consent of the appellant, the surety in said notes. These are the facts stated in the appellant's answer, and if they are sustained by sufficient evidence, they will constitute a complete bar to the appellee's suit against the appellant, in this action.

It must be regarded as settled law in this State, that an agreement between the payee or holder of a note and the principal therein, for an extension of the time of payment for a fixed and definite period, made without the knowledge or consent of the surety in the note, and founded upon a new consideration, will discharge the surety from any liability on such note. *Menifee* v. *Clark*, 35 Ind. 304; *Jarvis* v. *Hyatt*, 43 Ind. 163; *Hamilton* v. *Winterrowd*, 43 Ind. 393, 398 and 401; *Huff* v. *Cole*, 45 Ind. 300; *White* v. *Whitney*, 51 Ind. 124; *Bucklen* v. *Huff*, 53 Ind. 474.

The court erred, we think, in sustaining the appellee's demurrer to the appellant's answer in this case.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the appellant's answer, and for further proceedings in accordance with this opinion.