### BUTTERFIELD *v*. TRITTIPO ET AL.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court, on appeal, will not disturb a finding on the mere weight of the evidence.

SAME.—*Sufficiency of Evidence.—Motion for New Trial.*—A motion for a new trial, based upon the ground that "the finding of the court is not sustained by sufficient evidence," authorizes the Supreme Court to examine the evidence, and, if any material issue in the cause, necessary to support the finding made, be unsupported by evidence, to reverse the judgment.

PRINCIPAL AND SURETY.—*Extension of Time.—Inference from Credit on Note.—Payment.*—Where, in an action on a promissory note, a surety thereon alleges an extension of time as a defence, an inference, drawn from a general endorsement on the note of a credit, that such credit was for interest in advance, is not sufficient to overcome positive evidence that no extension was granted and no interest in advance paid.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.
*D. Moss,* for appellees.

Howk, J.—This was a suit by the appellant, against the appellees, as the joint makers of a promissory note, of which the following is a copy :

"$479.65.    September 12th, 1868.    Four months after date, we promise to pay to Velorious Butterfield or order, four hundred and seventy-nine 65·100 dollars, with interest at ten per cent. per annum ; value received, without any relief whatever from valuation or appraisement laws.

(Signed,)                        " SAMUEL TRITTIPO.

                                 " JACOB M. CASTELLER."

On this note there were the following endorsements :

" Interest paid for one year.

" Oct. 22d, 1870.    Received on the within, $100.00.

" May 15th, 1872.    Received forty-seven dollars and twenty-five cents, as interest to date.

" March 17th, 1873.    Received fifty dollars."

The appellee Samuel Trittipo was called and made default.    The appellee Jacob M. Casteller separately answered in three paragraphs, to each of which paragraphs the appellant's demurrer for the want of sufficient facts was overruled by the court, and to this ruling the appellant excepted.    To each of said paragraphs of answer the appellant then replied by a general denial.

The cause was tried by the court, and a finding was made for the appellee Jacob M. Casteller, upon the issues joined between him and the appellant.    The appellant's motion for a new trial having been overruled, and his exception entered to this decision, the court rendered judgment upon its finding, in favor of the appellee Casteller, from which judgment this appeal is now here prosecuted.

The following decisions of the circuit court, in this case, have been assigned by the appellant, as errors, in this court :

1.    In overruling his demurrers to the first, second and

third paragraphs of the separate answer of the appellee Jacob M. Casteller; and,

2.   In overruling his motion for a new trial.

1.   In the first paragraph of his answer, the appellee Casteller said that he signed the note in suit as surety for his co-appellee, Samuel Trittipo, as the appellant well knew at the time he received said note; that afterward, at the maturity of said note, the appellant agreed with the appellee Trittipo, in consideration that said Trittipo would pay the appellant the interest then due on said note and interest thereon in advance for one year thence next ensuing, at the rate of ten per cent. per annum, that he, the appellant, would extend the time for the payment of said note for the said period of one year next after the maturity of the note: and the said Casteller averred that, for that purpose, the said Trittipo did pay the appellant the interest then due on said note, and the further sum of forty-seven dollars and ninety-six and a half cents in addition thereto, and the appellant then agreed with said Trittipo to extend and did extend the time for the payment of said note, for the said period of one year thence next ensuing, without the knowledge or consent of the appellee Casteller.

The second paragraph of the answer was substantially the same as the first paragraph, except in this, that it was alleged in said second paragraph, that, at the maturity of the note in suit, the plaintiff, in consideration of the payment to him by said Trittipo of the interest then due on the note, and interest in advance thereon for twelve months thence next ensuing at the rate of twelve per cent. per annum, agreed with said Trittipo to extend and did extend the time for the payment of said note for the said term of twelve months next after the maturity of said note.

In the third paragraph of said answer, the said Casteller alleged, in substance, that he signed the note in suit as the

surety of said Trittipo, as the appellant well knew when he received the note; that on the 22d day of October, 1870, the said Trittipo having in the mean time paid the appellant, from time to time, interest in advance on the note at the rate of twelve per cent. per annum for several extensions of the time of the payment of the note, without the knowledge or consent of said Casteller, the appellant then agreed with said Trittipo to extend further the time of the payment of the note until the 15th day of May, 1872, in consideration that said Trittipo would then pay to appellant the sum of forty-three dollars and forty-five cents, and on the said 15th day of May, 1872, the further sum of forty-seven dollars and twenty-five cents; that said Trittipo did then pay the appellant said sum of forty-three dollars and forty-five cents, and on said 15th day of May, 1872, paid him the said further sum of forty-seven dollars and twenty-five cents, all in pursuance of the terms of said contract; and the appellant then agreed to and did extend the time of the payment of said note until the 15th day of May, 1872, without the knowledge or consent of said Casteller.

In their argument of this cause in this court, the appellant's counsel have expressly waived the consideration of the alleged error of the court, in overruling his demurrers to the several paragraphs of the separate answer of the appellee Jacob M. Casteller, and have practically conceded that the facts alleged in each of the said paragraphs were sufficient, if sustained by the evidence, to discharge said Casteller from liability on the note in suit.

2.   The only remaining error assigned by the appellant in this court is the decision of the court below in overruling his motion for a new trial. In this motion, the following causes were assigned for such new trial:

"1.   The finding of the court is contrary to law;

"2.   The finding of the court is not sustained by sufficient evidence."

It will be seen, therefore, from these causes for a new trial, that the only questions for our decision, in this case, relate to the sufficiency of the evidence to sustain the finding of the court in favor of the appellee Casteller. This court can not and will not weigh the evidence in the record, nor disturb the finding below upon the mere weight of the evidence. This rule is settled by an almost unbroken line of the decisions of this court. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; and *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

Practically, therefore, the only question presented for our decision by the second alleged error in this case is this: Is there any sufficient evidence, in the record, which tends to sustain the material allegations of either paragraph of the separate answer of the appellee Jacob M. Casteller? From our examination of the evidence, which is properly in the record, it seems to us that this question must be answered in the negative. While this court may not properly weigh evidence, nor attempt to determine its preponderance either for or against the finding below, it is still the duty of this court, as we understand our duty, to carefully examine the evidence, when the point is made, with the view of ascertaining whether or not there has been a failure of evidence on any material question. When the record discloses such a failure of evidence, it is as much the duty of this court to reverse the judgment below, on that ground, as for any other error.

It would seem to be settled law in this State, that an agreement between the payee or holder of a promissory note and the principal therein, for an extension of the time of payment thereof for a fixed and definite period, made without the knowledge or consent of the surety in such note, and with knowledge of such suretyshiy, and founded upon a new consideration, will discharge the surety from any liability on such note. *Huff* v. *Cole*, 45

Ind. 300 ; *White* v. *Whitney,* 51 Ind. 124; *Bucklen* v. *Huff,* 53 Ind. 474 ; *Davenport* v. *King,* 63 Ind. 64; *Buck* v. *Smiley,* 64 Ind. 431.

It will be seen from our summary of the several paragraphs of the separate answer of the appellee Casteller, in this case, that, in the first and second paragraphs of his answer, he relied upon the payment of interest in advance, for a fixed and certain time, by the principal, Trittipo, to the appellant, the payee and holder of the note, as the foundation of the .defence. In each of the first two paragraphs of answer, the appellee Casteller stated an express agreement between said Trittipo and the appellant, for an extension of the time of payment of the note for a fixed and certain period, founded upon the payment of interest in advance for such period of time.

There is certainly no evidence in the record which tends to show that there was ever any such agreement entered into between the appellant and said Trittipo, for any such extension of the time of payment of the note in suit. In his brief of this cause in this court, Casteller's learned counsel does not claim nor rely upon any such agreement for such an extension. The evidence utterly failed, we think, to show that Trittipo ever paid the appellant any interest in advance, on the note in suit. The appellant, as a witness in the case, testified positively and unequivocally that there never had been any interest in advance paid on the note ; and his evidence on this point was not contradicted by the evidence of any other witness. On the point under consideration, the whole case for the appellee Casteller rests upon an inference attempted to be drawn from the credits endorsed on the note in suit. We have set out these credits in this opinion, and it will be seen therefrom, that one of the credits there endorsed reads as follows : " May 15th, 1872. Received forty-seven

dollars and twenty-five cents, as interest to date." The
inference attempted to be drawn from this credit is this :
The amount of the credit, forty-seven dollars and twenty-
five cents, was not enough, apparently, to pay the interest
due at the date of the credit; and therefore it is inferred
that the preceding payment on the note, of one hundred
dollars, under the date of October 22d, 1870, although not
credited as a payment of interest, must be regarded as a
payment of interest, and if it is so regarded, then it
would pay the interest in advance on the note for a period
of time, which could be readily ascertained by a short
computation, and if the interest were thus paid in advance
on the note, the law would imply an agreement on the
part of the appellant to extend the time for the payment
of the note, for such period as the interest appeared to
have been paid thus in advance. If such an inference
was allowable and was permitted to override the appel-
lant's positive evidence, that no interest in advance had
ever been paid on the note, and to contradict the written
credit of one hundred dollars endorsed on the note, by
showing that it was a payment of interest, instead of a
payment generally, on the note, still the inference would
not be sustained by computation, as any one may readily
ascertain by a short calculation. Such an inference, how-
ever, can not be permitted nor sustained, even if it were
fully in accordance with the computation of the interest
on the note, in contradiction of the oral evidence of the
appellant and of the written evidence afforded by the en-
dorsements on the note.

It seems clear to us, therefore, that the evidence ad-
duced upon the trial of this case entirely failed to sustain
the allegations of either the first or second paragraphs of
the separate answer of the appellee Jacob M. Casteller.

In the third paragraph of his answer, as we have seen,
the appellee Casteller alleged, in substance, that, on the

22d day of October, 1870, the appellant agreed with said Trittipo, that if he would then pay forty-three dollars and forty-five cents on the note in suit, and would thereafter, on the 15th day of May, 1872, pay thereon the further sum of forty-seven dollars and twenty-five cents, he, the appellant, would extend the time for the payment of said note until the said 15th day of May, 1872. The appellee Jacob M. Casteller did not offer, nor attempt to offer, any evidence whatever, of any kind, character or description, in support of this third paragraph of his separate answer.

In conclusion, therefore, we hold that the court clearly erred in overruling the appellant's motion for a new trial of this cause.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial and further proceedings in accordance with this opinion.