## DODDS ET AL. *v.* ROGERS.

PARTNERSHIP.—*Action against surviving Partner and Administrator of Deceased, on Promissory Note.—Plaintiff a Competent Witness.*—In an action on a promissory note alleged to have been executed by a copartnership, brought by the payee against the surviving partner and the administrator of the deceased partner, wherein the administrator answers by an unverified general denial, and the surviving partner by a verified denial, the plaintiff is a competent witness on the latter issue.

Dodds *et al. v.* Rogers.

SAME.—*Statements of Deceased Partner.—Evidence.*—There being evidence tending to establish the alleged copartnership, it was competent for the plaintiff to testify as to the statements of the deceased partner at the time he executed the note and obtained the money for which it was given, to the effect that the money was for the use of the firm.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict on the mere weight of the evidence.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

BIDDLE, J.—Suit on a promissory note signed Snodgrass & Dodds, payable to the appellee, alleged to have been made by Martin L. Snodgrass and Clelland F. Dodds, as partners, brought against Dodds and the administrator of the estate of Snodgrass, who are the appellants.

Answer by the administrator, general denial, without oath.

Answer by Dodds:

1. Denying the execution of the note, sworn to; and,

2. Denying the execution of the note by Snodgrass, within the scope of the partnership.

Trial by the court; finding and judgment for the appellee; appeal. All the questions brought before this court arise under a motion for a new trial. Such of them as are discussed by the appellants in their brief will be examined and decided.

1. The payee of the note was permitted to testify, over the objections of the appellants. This ruling is complained of upon the ground that the administrator of the estate of Snodgrass was a party defendant, against whose estate judgment might be rendered in the case, and the witness had not been called by the opposite party, and had not been required to testify by the court.

We do not think this ruling was wrong. It is clear that the payee of the note was a competent witness, in all

matters concerning the alleged making of the note by Dodds; and he could not be deprived of this right merely because the administrator of the estate of Snodgrass was also a party defendant. Besides, under the issue presented by the administrator, the introduction of the note in evidence would fix the liability against the estate he represented, and the subsequent testimony of the payee against Dodds would tend to relieve rather than burden the estate of Snodgrass. Under the statute, the payee was a competent witness. *Upton* v. *Adams' Ex'rs*, 27 Ind. 432.

2. The payee was allowed to testify as to what Snodgrass said at the time he borrowed the money for which the note was given, as to whether it was for the use of the firm or not, all of which was over the objection and exception of the appellants.

This was not erroneous. There was evidence tending to show the existence of the partnership of Snodgrass & Dodds, at the time the note was executed, and tending to show that Snodgrass, in executing the note, was acting within the scope of the partnership. If these facts were proved, then what Snodgrass said at the time he made the note would be competent evidence against the partnership, and would add nothing to the obligation of the note against Snodgrass, and of course nothing to the obligation against his estate.

3. Is the evidence sufficient to sustain the verdict?

This question is elaborately argued by the counsel for appellant. We think the partnership between Snodgrass and Dodds, as alleged, and that it existed at the time the note was executed, are fairly proved. This would admit the statements of Snodgrass made at the time he signed the note in the firm name, about which the payee testified as follows:

" Snodgrass said the money was for the use of the firm; I loaned it to the firm, and on their credit; I had a con-

versation with Dodds about the note soon after its execution, and before Snodgrass' death, in which he said, when I told him about the note, that he knew nothing about it, but it was all right; I had told him the amount of the note, and about its execution, what it was for, etc., and what Snodgrass had said to me at the time I let him have the money and took the note; I had two or three conversations with Dodds after Snodgrass' death, in each of which he said he would pay the note; * * * he never said anything about his not being liable, or about the note not being a partnership matter."

Dodds, one of the alleged makers of the note, testified: " I never signed the note in suit, and I never authorized Snodgrass or any one else to sign my name to it; I never signed the partnership name to said note, and I never authorized Snodgrass, or any one else, to sign the firm name of Snodgrass & Dodds to said note. * * *

" One day last winter or spring, S. K. Rhorer and Mr. Rogers, the plaintiff, met me on the north side of the square; Rogers said ' I have a note on you and Snodgrass; did you know any thing about it ?' I said ' No, have you?' He said ' Yes.' I said 'What was it given for ?' Rogers said for money he loaned to Snodgrass; I said ' You ought not to have loaned him the money; I guess he will pay it.' Rogers went and saw Mr. Snodgrass about it."

S. K. Rhorer testified: " I one day met the plaintiff, Rogers, on the north side of the square here in Bloomington, and he and Dodds got into a conversation in regard to the condition of the estate of M. L. Snodgrass; Rogers said to Dodds that he had a note against Snodgrass & Dodds, and he, Dodds, knew nothing about it at the time it was given, as he had before told him; that he expected Dodds would not pay it, and that he would have to sue it."

The above, except the note, is substantially the evidence

in the case. It will be noticed that, if the conversation between Rogers and Dodds at the time Rhorer was present is the same conversation testified to by Rogers, it is not very fully answered ; and, if the conversation testified to by Rogers was a different one, it is not answered at all. Besides, Rogers testified to several conversations with Dodds, which are not answered. From this it appears to us that the preponderance of evidence is with the finding ; at least we can see no ground for the interference of an appellate court.

The judgment is affirmed, at the costs of the appellants.