## STARRET *v.* BURKHALTER.

PRINCIPAL AND SURETY.—*Extension of Time of Payment Indefinitely.—Promissory Note.*—An agreement between the payee and principal, at the time of the execution of a promissory note due one day after date, that the note might run as long as interest should be paid thereon, and the subsequent payment of matured interest thereon, will not discharge the surety

From the Tippecanoe Superior Court.

*M. Jones* and *J. L. Miller*, for appellant.

*J. M. Larue* and *F. B. Everett*, for appellee.

NIBLACK, J.—The complaint in this case was by Charles Starret, against Moses A. Lentz and Edward Burkhalter, on a promissory note for five hundred dollars, dated September 25th, 1869, and payable one day after date, with ten per cent. interest.

The only defence set up by Lentz was that of payment. Burkhalter answered separately, in two paragraphs:

1. Admitting the execution of the note, and averring that he signed the same only as surety for his codefendant, Lentz, which fact was well known to the plaintiff; that, although the note was payable one day after date, it was agreed and understood between the plaintiff and the said Lentz, that so long as the latter would pay interest on said note annually, at the rate of ten per cent. per annum, such note should not be collectible; that, in pursuance of such agreement and understanding the plaintiff forbore to demand payment of said note, and on the 25th day of September, 1870, the said Lentz paid the plaintiff fifty dollars as interest for one year on said note; that at that time the plaintiff and the said Lentz renewed their agreement for the extension of time on said note, and further agreed, that, so long as the latter would annually pay ten per cent. interest on the same, it should remain uncollected, and that the said Lentz should have the use of the money the note was given to secure, for one year longer; that said Lentz did pay the interest so lastly agreed to be paid, and, at the expiration of each year thereafter, continued said agreement, up to and including the 25th day of September, 1876, all of which was done without his, the defendant Burkhalter's, knowledge or consent;

2. Setting up an agreement between the plaintiff and

Lentz for an extension of time on the note for one year, upon the promise of Lentz to pay fifty dollars, which sum was paid according to the agreement, all of which was without his, defendant Burkhalter's, knowledge or consent.

The plaintiff demurred severally to both paragraphs of Burkhalter's answer, but both paragraphs were held to be sufficient.

Issue being joined, the court found that there was due from Lentz, on the note, the sum of five hundred and sixty-six dollars, and rendered judgment for the plaintiff, against Lentz, for that sum, but found in favor of Burkhalter, on the issues joined between him and the plaintiff. The plaintiff then moved for a new trial as between him and Burkhalter, but his motion was overruled. Judgment thereupon followed for Burkhalter, upon the finding in his favor.

Errors are assigned upon the overruling of the demurrer to both paragraphs of Burkhalter's answer and upon the refusal of the court to grant a new trial.

On the trial, Lentz testified, in substance, as follows:

" I went to the plaintiff, Charles Starret, and wanted to borrow five hundred dollars for a year. Starret said he had the money, but he would not loan it for a year, but would let me have it, if I would get good security on a note due one day after date, and I could keep it until he wanted it, and that he would give me notice in time for me to get the money when he wanted it, which might be a year and it might be as long as he lived,—interest to be ten per cent. I went to Mr. Burkhalter, the defendant, and told him the terms on which I could get the money, and he signed the note as my security. I got the money, and Starret knew Burkhalter was security. Before the first year's interest was due, I was going east. Had the money with which I could have paid the note. Starret

said, if I paid the interest, the note could run as originally agreed.   I saw Burkhalter and told him that Starret said the note could run as agreed in the first place.   After I returned, I paid the first year's interest a few days after it was due, and the note has run in that way ever since, by my paying the interest when due, or in a few days after.  Never paid any interest before it was due, but have paid the interest at ten per cent. until 1876.

"At one time, I think it was the third year, about one month before the interest was due, I sold Starret a buggy and harness for two hundred and seventy dollars.   He paid me in cash two hundred and twenty dollars, and balance, fifty dollars, was to be applied on the interest on this note when it became due.   The amount now due on the note is $566.00."

Burkhalter testified as follows :

" I signed the note in suit as security for Lentz, and I never heard of it until about a year ago.   Mr. Starret called on me and asked me about that note, asked me if I had heard that Lentz had failed.   I asked him what note ?   I had forgotten it altogether.   Had never heard of it from the time I signed the note until then, and I claimed I was not liable on the note, as I supposed it had been paid long before that time."

The plaintiff, who also testified as a witness, corroborated Lentz in all essential respects, except that he did not claim to have heard any conversation between Lentz and Burkhalter, and this was all the evidence given under the defence set up by Burkhalter.

It is a well settled rule of law, that, to discharge a surety on account of indulgence granted to the principal, the indulgence must have been for a definite period of time and upon a new consideration, and without the knowledge or consent of the surety. *Menifee* v. *Clark*, 35 Ind. 304; *Abel* v. *Alexander*, 45 Ind. 523; *White* v. *Whitney*, 51 Ind.

124; *McCloskey* v. *The Indianapolis M. & C. Union*, 67 Ind. 86; *Prather* v. *Young*, 67 Ind. 480.

The payment of interest in advance constitutes a valid consideration for forbearance in the collection of a note after its maturity, but the payment of interest already due does not afford any such consideration. *Hamilton* v. *Winterrowd*, 43 Ind. 393; S. C., 43 Ind. 398; S. C., 43 Ind. 401.

Tested by these well established rules, the first paragraph of Burkhalter's answer did not show that the extension relied upon was made upon any new or sufficient consideration, and was for that reason, if for no other, bad on demurrer.

As has been seen, Lentz testified that he communicated to Burkhalter, at the time he signed the note, the terms agreed upon with Starret for an indefinite extension of the time of its payment, and Burkhalter in his testimony did not deny that Lentz had made the alleged communication to him. The inevitable inference from the evidence is that the extension of time on the note, of which Burkhalter complained, was assented to by him before it was granted. We are therefore brought to the conclusion that the finding of the court was not sustained by the evidence.

We deem it unnecessary to now inquire as to the sufficiency of the second paragraph of Burkhalter's answer.

The judgment in favor of Burkhalter is reversed, with costs, and the cause remanded for further proceedings.