No. 9677.

STARRET *v.* BURKHALTER ET AL., EXECUTORS.

| 86 | 439 |
|-----|-----|
| 147 | 119 |

PLEADING.—*Agreement.*—*Presumption.*—Under the code, the averment of facts from which the law will presume an agreement is equivalent to an averment that such agreement was made.

PROMISSORY NOTE.—*Release of Surety.*—*Interest.*—*Extension of Time.*—*Answer.*—An answer by a surety to a suit on a note, that he was such surety, of which the payee had notice; that, without his knowledge or consent, the payee received from the principal, after maturity of the note, to wit, on, etc., a given sum as and for interest on the note one month in advance from that date, whereby the time of payment was extended, is good on demurrer.

SAME.—*Decedents' Estates.*—*Witness.*—*Competency.*—In a suit by the payee of a note against the executor of the surety, the principal maker of the note was a competent witness, under the statute in force prior to 1881, to prove that the surety had been discharged by giving time; but, in such case, the payee was not a competent witness for himself, unless required by the court to testify.

WITNESS.—*Impeachment.*—*Bill of Exceptions.*—A witness, who has been asked no questions concerning the contents of a bill of exceptions containing his evidence on a former trial of the cause, can not be contradicted by reading the bill of exceptions in evidence.

INSTRUCTIONS.—When the court has fully instructed the jury concerning every question in the case, there is no error in refusing further instructions upon particular points.

From the Superior Court of Tippecanoe County.

*J. L. Miller, M. Jones, M. W. Miller, J. R. Coffroth* and *T. A. Stuart*, for appellant.

*J. M. LaRue* and *F. B. Everett*, for appellees.

ZOLLARS, J.—This cause was commenced originally by appellant, as the payee of a promissory note, against Moses A. Lentz and Edward Burkhalter, as the makers of said note. Burkhalter answered that he was surety for Lentz, which was known to appellant; that the time of payment had been extended, and he thereby released as such surety.

A judgment was rendered in favor of appellant against Lentz for the amount of the note and interest, and in favor of Burkhalter. Appellant appealed to this court, where the judgment in favor of Burkhalter was reversed. *Starret* v. *Burkhalter*, 70 Ind. 285. After the return of the cause to the trial court, appellees, as the executors of the will of Edward Burkhalter, he having died, were made parties defendants, and a judgment was rendered in their favor. The note in suit is for $500, dated September 25th, 1869, due one day after date, with interest at ten per cent. Endorsements upon the note show payments of $50 on the 25th of September for the years 1870 to 1876, both inclusive.

Upon being made parties, appellees filed an answer in one paragraph, in lieu of former answers by Edward Burkhalter. Appellant demurred to this answer; the demurrer was overruled, and he excepted. This ruling is assigned for error in this court.

The answer, after admitting the execution of the note by Edward Burkhalter, proceeds as follows: " But they say that said note was executed by the said Edward Burkhalter, then in life, as the surety of said Lentz, of which fact said plaintiff at the time of the execution of said note had full knowledge; and that after said note became due, viz., on the 25th day of August, 1873, said Lentz, without the knowledge of said Burkhalter, paid, and said plaintiff received, $4.16 interest in advance on said note, from said 25th day of August,

1873, until the 25th day of September, 1873, as follows: on said 25th day of August, 1873, said Lentz sold to said Starret a buggy and harness for the sum of $260; Starret paid said Lentz $210, and, as both knew that said Lentz had, prior to that time, fully paid the interest on said note to the 25th day of September, 1872, they then agreed that the residue of the price of said buggy should then be paid by said Lentz and received by said Starret, in full satisfaction of the interest on the debt, evidenced by said note, for the year ending September 25th, 1873; whereby the time of the payment of said debt was, by the receipt of said sum so paid as interest as aforesaid, extended, in consideration of the receipt of interest for one month in advance, from said 25th day of August, 1873, to said 25th day of September, 1873; all of which was done by said Lentz and said plaintiff, without the knowledge and consent of said Edward Burkhalter, and was never afterwards ratified or assented to by him; wherefore the defendants say that said decedent, in his lifetime, was released from all liability on said note, and they, as his executors, are now released."

In order that a surety on a note may be released, in this State, by an extension of the time of payment, there must be an agreement between the payee, or holder of the note, and the principal maker, for a definite and fixed time of extension, made without the knowledge or consent of the surety, founded upon a new consideration, and with the knowledge of the suretyship on the part of such payee or holder. *Butterfield* v. *Trittipo*, 67 Ind. 338; *Buck* v. *Smiley*, 64 Ind. 431, and cases cited; *Sample* v. *Martin*, 46 Ind. 226; *Jarvis* v. *Hyatt*, 43 Ind. 163.

Counsel for appellant urge very strenuously that the answer is not good, for the reason that it does not contain a specific statement that the time of payment was extended by the agreement of the appellant and Lentz. We have examined the answer with considerable care, and, while we do not commend it as a model plea, we think that under former rul-

ings of this court and courts of other States having codes similar to ours, it states sufficient facts to withstand the demurrer.    It contains positive statements that Burkhalter signed the note as surety only, and that this fact was, at the time, known to appellant; that on the 25th day of August, 1873, after the note became due, four and $\frac{16}{100}$ dollars was paid by Lentz, the principal maker, and received by appellant, as interest in advance, from the 25th day of August, 1873, to the 25th day of September, 1873; that by *agreement* the amount so received was to be in full payment of the interest until the 25th day of September, 1873.

It is further stated that the time was extended, and that the consideration for the extension was the receipt of interest for one month in advance, from the 25th day of August to the 25th day of September, 1873.    Upon these facts the law implies an agreement to extend the time of payment during the period for which the interest was paid in advance.    *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Woodburn* v. *Carter*, 50 Ind. 376; *Jarvis* v. *Hyatt*, 43 Ind. 163.    Under our practice it seems to be sufficient to state the facts from which the law implies an agreement, in a case of this kind, without a specific allegation of such agreement.

In *Hamilton* v. *Winterrowd*, *supra*, this court, Mr. Justice WORDEN delivering the opinion, say:    "There is, to be sure, no allegation of an agreement to forbear for three months and a half, but the facts are stated from which the presumption of such an agreement arises.    The doctrine of implied agreements rests on presumption.    *    *    Presumptions of law, however, need not be stated in pleading.    2 G. & H. 111.    It follows that under our code it is sufficient to state facts from which the law implies an agreement, without in terms averring the agreement.    * This is also the rule in New York."    We do not agree with counsel that this is a dictum, and hence not authority.    See, also, *Hamilton* v. *Winterrowd*, 43 Ind. 398.

In this case, as in the case under consideration, the answer of the surety does not contain an averment of an express agree-

ment to extend the time of payment. It contains a statement that, by agreement, interest was paid and received in advance; and that the time was extended. This answer was held good. See also *Wills* v. *Wills,* 34 Ind. 106; *Gwaltney* v. *Cannon,* 31 Ind. 227; *Jordan and Skaneateles Plank Road Co.* v. *Morley,* 23 N. Y. 552. In this case it is said: "There is no force in the objection that a formal promise by the defendant to pay the amount alleged to be due him for tolls, is not stated in the complaint. In pleading under the Code, it is sufficient to state the facts from which the law infers a liability, or implies a promise."

In this discussion we have taken the positive and material statements of the answer, omitting conclusions of law and the particular statements as to the manner of the payment of interest in advance. Counsel contend that these statements show that the extension of the time of payment was not in the minds of the parties, and that the consideration of the credit of interest was simply the sale and purchase of the buggy and harness. We can not concur in this view. There is nothing in the plea tending to show that the credit of interest in advance was in any way a condition of such sale or purchase. Possibly, if the buggy and harness had not been purchased by appellant, interest would not have been paid at that time; but it does not follow from this that the implied agreement to extend the time of payment did not exist. When the parties "agreed" that $50 of the purchase-money should be applied to the payment of interest to become due on the 25th day of September following, they both understood, and impliedly agreed, that the payment of the note should be delayed until that time.

It is stated in the answer that the interest was paid in advance without the knowledge of the surety. In the latter part there is the further statement: "All of which was done by said Lentz and said plaintiff without the knowledge and consent of said Edward Burkhalter, and was never afterwards ratified or consented to by him."

Counsel for appellant contend that these allegations do not amount to an averment that the extension was without the consent of the surety. We think that the facts are so stated "as to enable a person of common understanding to know what is intended." 2 R. S. 1876, p. 53, sec. 49. Upon a fair construction, the plea amounts to a statement that the surety had no knowledge that the interest should be, or was, paid in advance, or that the time should be, or was in fact, extended. If he had no such knowledge of the transaction, surely he did not give his consent to the extension. A surety might have knowledge of such an extension, and not object, but it is difficult to see how he could give his consent to a transaction of which he has no knowledge.

On the trial of the cause, Lentz, the principal maker of the note, was allowed to testify as a witness, over the objection of appellant. This is urged as error. The statute in force at the time of the trial disqualified parties as witnesses in suits in which an executor was a party, and a judgment might be rendered for or against the estate represented by such executor. 2 R. S. 1876, p. 133; Acts 1879, p. 245.

Upon the first trial, a judgment was rendered against Lentz for the amount due on the note, which was in force at the time of the second trial. Upon that trial there was no issue to be tried between appellant and Lentz; nor was there any issue between Lentz and appellees. As to any issues to be then tried, Lentz was out of court. The issues for trial were between appellant and the appellees, as the representatives of Edward Burkhalter, deceased, the alleged surety. Lentz was called as a witness by appellees to establish the facts set up in the answer. We think that he was a competent witness for this purpose. Upton v. Adams' Ex'rs, 27 Ind. 432; Dodds v. Rogers, 68 Ind. 110. Under the statute, appellant was not competent as a witness against the executor. The action of the court in declining to require him to testify is not an available error. In that matter the court exercised a discre-

tion given by the statute, and we can not say that in this case the discretion was not properly exercised.

We find in the record what purport to be three bills of exceptions. The first was filed on the sixty-fifth day of the January term, 1881. At the succeeding March term the motion for a new trial was overruled; a motion for judgment in favor of appellant, notwithstanding the verdict, was filed, and the case was "continued by operation of law." Two days after this, a second bill of exceptions was filed. This bill was filed after the expiration of the term succeeding that at which the trial was had. The record does not show that time was asked or given to file it. It is, therefore, no part of the rec-• ord, and nothing contained in it can be considered in deciding the case. Lee v. Hills, 66 Ind. 474.

The first bill shows that, after the testimony of Lentz was concluded, appellant, for the purpose of contradicting his statements, offered in evidence a bill of exceptions purporting to contain his testimony on the first trial. This the court excluded, and we think correctly. The attention of the witness had not been called to any statements contained in the bill so offered. He had no part in the making of it, no opportunity to see that it contained a correct statement of his testimony, and was, hence, not in any way responsible for what might be therein contained. The bill so offered was made and filed for the purpose of the former appeal to this court, in which appeal the witness was neither a party nor in any way interested. To have admitted the bill in evidence, under the circumstances, would have been unfair to the witness and an error in practice. Glenn v. State, ex rel. Clore, 46 Ind. 368.

Appellant further contends that the trial court erred in its instructions, and in refusing to give an instruction asked by him. The court instructed the jury, in substance, that, as to the matters set up in the answer, the burden of proof was upon the appellees; that if the jury should find from the evidence that Burkhalter, deceased, was surety on the note, and appel-

lant knew of that fact, and that after the note become due, Lentz, the principal maker, paid and appellant received interest in advance, then, in the absence of any evidence to the contrary, the law implies an agreement to extend the time of payment during the time for which interest was so paid in advance; and that such extension, if without the consent of said surety, released him and his estate from liability on the note. The jury was further instructed that if the surety had consented to the extension of time alleged, or had at any time before the alleged payment of interest in advance, consented to the extension of time to the 25th day of September, 1873, the payment of the interest in advance, if so paid, did not release him; that, in determining all of these questions, the jury should consider the facts and circumstances before them; and that the payment of interest in property, if accepted by appellant as cash, would be the same as if paid in money.

We think these instructions state the law correctly, and cover all of the issues in the case. The instruction asked by appellant is as follows: " In order to extend the time for the payment of the note in suit there must be an agreement for a definite time of extension, and the payment of interest in advance is a good consideration to sustain an agreement to extend the time; but the payment of interest, without any agreement to extend the time, will not extend the time on the note."

There was no error, we think, in refusing this instruction. The court had already correctly instructed the jury upon every issue in the case. This instruction might have misled the jury, as they would, doubtless, have understood from it that the agreement must be an express agreement, and not one which the law implies from such payment of interest in advance.

The last question to be considered is the sufficiency of the evidence to sustain the verdict. The whole of the evidence in the cause on the part of the appellees is the testimony of Lentz. For the purposes of this decision we are confined to that, and can not look to his testimony on the former trial.

We have, however, examined it, and find that it differs very materially from his testimony under consideration. If it did not, we should, as we did on the former appeal, reverse the judgment for the want of sufficient evidence. But we can not call in question the truthfulness of Lentz's testimony, as contained in the record before us. Time and reflection may have convinced him that his former statements, if indeed they were accurately given in the bill of exceptions, were not correct. However that may be, his testimony went to the jury, they gave it credence and based their verdict upon it. As it comes to us, it establishes the facts set up in the answer, and is, therefore, sufficient. Brandt Suretyship, sec. 299 ; *Hayes* v. *Fitch*, 47 Ind. 21.

What we have already said makes it unnecessary to notice the question raised by appellant's motion for judgment.

There being no available error in the record, the judgment is affirmed, at the costs of appellant.