## Call *against* Ward.

An action of *indebitatus assumpsit* will not lie against a guardian for necessaries supplied to his ward without his consent.

If a guardian refuses to supply his ward with necessaries, the remedy is by application to the Orphans' Court to have him discharged; or the ward may purchase them himself, or have them purchased for him, for the recovery of the price of which an action would lie against the minor, but not against his guardian personally.

ERROR to the Common Pleas of *Westmoreland* county.

Daniel Call against Henry Ward, guardian of Robert Shepler and Lucinda Shepler. This was an action on the case in which the plaintiff declared in *indebitatus assumpsit*, and the defendant pleaded *non assumpsit*.

Jacob Shepler died in 1832 seised of a farm; he left a widow and two children, Robert and Lucinda, both minors under the age of 14 years, of whom the defendant, Henry Ward, was guardian. The children remained with their mother and were supported by her until she married Daniel Call, the plaintiff, five years ago, who kept and maintained the children up to the time when this suit was brought; and during all which time the farm was rented by Henry Ward for $150 a year. There never was any contract with Henry Ward for keeping the children; on the contrary, he always refused to pay, saying that he was only guardian of their estate.

WHITE, President, was of opinion that the plaintiff was not entitled to recover, and directed a judgment for the defendant.

*Coulter*, for plaintiff in error. A guardian is legally bound to provide necessaries for his ward; and where there is a duty to be performed it may be enforced by action against the person in default, and a Court of Equity will decree an allowance even for time past. 13 *Johns.* 480; 11 *Johns.* 481; 5 *Wend.* 558; 1 *Bro. Chan.* 468; 13 *Vez.* 320; 6 *Johns.* 566.

*Foster*, contra. A guardian is not liable but on contracts of his own; there can be no implication against him; if he violates his duty, or refuses to perform it, the remedy is in the Orphans' Court, which by the Act of 13th of June 1832, sec. 13, has the exclusive jurisdiction of the subject. If the Common Pleas will take cognizance of the subject, then must they also take cognizance of the conduct of the guardian and the settlement of his accounts; for his liability to pay for his wards will necessarily involve these

[Call v. Ward.[

considerations. How can it appear but that the guardian applied the whole of the rents to extinguish liens charged upon the estate and thereby saved it from execution and sale? If a judgment should be rendered in this action against the defendant, it would be *de bonis propriis*, for calling him guardian is but descriptive of the person. 4 *Watts* 80; 1 *Penn. Rep.* 282.

The opinion of the Court was delivered by

Rogers, J.—This was an action of *indebitatus assumpsit* against the defendant for the support and maintenance of his wards. It must be premised that it is an action against the guardian personally, for the words guardian, &c., are matters of description.

A guardian is considered as standing in *loco parentis*, and of course the relation, powers and duties of guardian and ward, in a great measure, correspond to those of parent and child. But there is this prominent distinction. The father is entitled to the service of the child, and is bound to support him; but the guardian is not entitled to the service of his ward, and is not bound to support him out of his own estate. *Swift's System* 50. If, therefore, a parent refuses to furnish his child with necessaries, a stranger may do so and charge the parent with the price upon an implied *assumpsit;* but this is not true with respect to a guardian, who is only liable personally on a contract. And the difficulty in the way of the plaintiff is, that there is neither a contract, express or implied, for the case finds that the guardian always refused to allow the plaintiff anything for the maintenance of the children, alleging that he was only guardian to take care of the estate of the minors. We have nothing to do with the reason; it is enough that he refused to become bound for the expense of their maintenance. But it may be asked, what is to be done where the guardian refuses to furnish necessaries for his ward? Miserable, indeed, would be his condition if he might run the risk of starvation with a plentiful estate. The remedy is by application to the court, who will dismiss the guardian for neglect of duty, or the infant may himself purchase necessaries; or if of such a tender age that he cannot contract himself, a third person may supply his wants. But then the guardian is not liable, but the infant. In that case suit must be brought against the infant, who can appear only by guardian, and not against the guardian himself; and the judgment when rendered is against the infant, and execution can only be had of the estate of the infant.

Judgment affirmed.