*J. M. Wilson* and *O. Blake*, for appellants.

*N. O. Ross* and *R. P. Effinger*, for appellee.

———◆———

## Gwaltney, Guardian, v. Cannon.

PLEADING.— *Complaint.—Promise.— Guardian and Ward.*—A complaint against a guardian, to recover for maintaining and providing for his ward, did not contain any averment of a request or promise made by the defendant, or any allegation that he had failed to provide, within the means in his hands as guardian, for the reasonable wants of his ward.

*Held*, that the complaint was bad on demurrer for want of sufficient facts.

APPEAL from the Gibson Common Pleas.

RAY, J.—Complaint by the appellee against the appellant for maintaining and providing for the wards of the latter.

The question is upon the sufficiency of the complaint, which is as follows:—

"Edward Cannon complains of James Gwaltney, and says that heretofore, to wit, on the —— day of ——, 186—, the defendant was, by the Warrick Court of Common Pleas, duly appointed guardian of the persons and estates of Lafayette Gwaltney, John H. Gwaltney, Anna Gwaltney, and Noah Gwaltney, minor heirs of Noah Gwaltney, late of Warrick county, deceased; that said defendant qualified and took upon himself the burden of said trust as such guardian.

And plaintiff further says that said defendant, as such guardian, is indebted to the plaintiff in the sum of six hundred and seventy-nine dollars, for keeping, boarding, and clothing his said wards, and for money paid and expended for medical attendance on said wards, for three years, to wit, from the month of March, 1864, to the month of March, 1867; that said sum of six hundred and seventy-nine dollars is wholly unpaid. Wherefore, plaintiff asks judgment for the sum of six hundred and seventy-nine dollars, and other proper relief."

The defendant demurred to the complaint, for the following grounds of objection:

"1. That the complaint does not state facts sufficient to constitute a cause of action.

"2. That there is a defect of parties defendant."

The demurrer was overruled by the court, and exception was taken by the appellant at the time.

It is objected by appellant, that there is no averment that the expenditure for clothing, and medical attendance, and the boarding of the wards, was at the request of the appellant, or upon any promise made by him to pay for the same. In answer to this objection, we are referred to the forms given by the statute, numbered 10 and 11, 2 G. & H. 376. These forms upon actions for goods sold and delivered, and materials furnished to the defendant, and work and labor done for the defendant, do not require an allegation that the defendant promised to pay. But in all these instances the law implies the promise from the facts stated; and our statute simply requires the statement of facts, and if upon these facts the law implies a promise, the complaint will be good. But where the action is against one for goods sold to another, there the law does not imply a request or promise, and that averment must be made.

The case before us does not state facts which at law impose any obligation upon the guardian. There is no averment that he failed to provide, within the means in his hands as guardian, for the reasonable wants of his wards,

and under such circumstances a volunteer cannot render himself the creditor of the guardian.

The demurrer should have been sustained to the complaint.

Judgment reversed, with costs; and the cause remanded, for further proceedings.

*W. Aydelotte,* for appellant.

*W. M. Land,* for appellee.