## WILLS *v.* WILLS.

PLEADING.—*Implied Promise.*—Under our code, where a complaint for use and occupation of real estate alleges facts from which the law will infallibly imply a promise to pay for such use and occupation, it is not necessary that it should allege a promise or an indebtedness.

PARENT AND CHILD.—*Occupation of Real Estate by Permission.*—Where a son, in consideration of natural love and affection, permits his mother to occupy real estate owned by him, without any agreement or understanding that she shall pay rent, the law will not imply a promise by her to pay rent.

APPEAL from the Vanderburg Circuit Court.

DOWNEY, J.—This action was brought by the appellee against the appellant.   The complaint, as amended, alleges that the defendant had occupied the house and lots of the plaintiff, to wit, lots numbered one and two in block number fifty, in the eastern enlargement of the city of Evansville, county of Vanderburgh, and State of Indiana, by permission of the plaintiff, as his tenant, from about the 13th day of June, 1863, until about the 1st day of March, 1868; that the use of said premises for that period was reasonably worth fourteen hundred and twelve dollars and fifty cents; that no part of the same has been paid, and the same is now due and owing; wherefore he demands judgment, &c.   The defendant answered in several paragraphs, the fourth of which alleged that plaintiff was the son of the defendant, and that said plaintiff, in consideration of natural love and affection, permitted the defendant to occupy said premises, without any agreement or

understanding that said defendant should pay rent for said premises.

There was a demurrer by the plaintiff to this paragraph of the answer, which demurrer was sustained, to which there was an exception.

The third assignment of error is, that the court erred in sustaining the demurrer to the said fourth paragraph of the answer, whereas, by the laws of the land, said demurrer ought to have been sustained to the complaint.

It is conceded by counsel for both parties that the question as to the sufficiency of the complaint is thus presented to us for decision.

The objection to the complaint urged by counsel for the appellant is, that it contains no allegation that the defendant ever *promised* to pay, or ever *agreed* to pay, or that she was *indebted* to the plaintiff. To this the appellee answers that it is not necessary to use any word that shows an undertaking, agreement, or promise, on the part of the defendant, to pay rent, for none ever existed; that the complaint states facts, and, technically speaking, the law raises the implied promise to pay; that the right of action in fact does not stand upon any contract or agreement, but arises from principles of equity and good conscience; that whenever there is ownership of land on the one hand and an occupation of it by permission on the other, it will be presumed that the occupant intends to compensate the owner for the use of the premises.

In support of the complaint we are referred by counsel for the appellee to 2 G. & H. 360, sec. 14, which says: "The occupant without special contract, of any lands, shall be liable for rent, to any person entitled thereto." Authorities are cited having reference to the liability of a party to pay rent under certain circumstances, but this is not a question relating to the right to recover rent on the one hand, or the liability to pay it on the other, but it is a question of pleading. The question is this: Is it allowable, and is it sufficient, for the party to set forth the facts from which a promise or indebtedness may be implied, or must he allege the promise, or

the indebtedness, and then support it at the trial by proof of the circumstances? Mr. Gould, in his valuable treatise on Principles of Pleading in Civil Actions, p. 48, sec. 19, says: In the action of *indebitatus assumpsit,* if there is an actual *debt,* or *legal liability* (by simple contract), on the part of the defendant, but, as is frequently the case, no *express* undertaking to pay the debt, the plaintiff in his declaration must regularly allege a promise. For, as the action of assumpsit is in its form and structure adapted to no other demands than those arising upon *promises,* the law, when no promise has actually been made, *implies* or *presumes* one, from the fact of the defendant's being indebted; for the purpose of entitling the plaintiff to this beneficial action, instead of the precarious and less remedial action of debt, which was anciently his only remedy in such a case. But, whenever the promise is thus implied, it is declared upon as an express one, and upon the face of the record is always taken to be express. There is, indeed, no such thing as an implied promise in pleading; or rather, the fact of its being implied appears only in evidence, and never upon the record." It is further said in a note on the same page that in declaring in assumpsit on a *bill of exchange* against the drawer, or on a *promissory note* against the maker, the statement of the facts which render the defendant liable to pay is sufficient without expressly alleging a promise on his part; and the reason assigned for this is, that the drawing of the bill, or making of the note, is, of itself, an actual promise. See, also, 1 Chit. Plead. 302.

In the action of *debt,* at common law, the common counts alleged that the defendant was *indebted* to the plaintiff in such a sum, for use and occupation, &c.

The complaint in this case is *sui generis.* We cannot classify it. It is not as in assumpsit, for it alleges no promise. It is not as in debt, for it alleges no indebtedness. But after some examination of cases decided under codes of practice similar to our own, we have come to the conclusion that, tested by the code, the complaint may be sufficient. It would seem that, contrary to the rule at common law, a party in a

Wills *v.* Wills.

suit for a money demand on contract, like this, when the contract is *implied,* may allege the facts from which the law implies the promise, and it will be sufficient, without alleging a promise itself, or an indebtedness. But if the party omit any fact essential to justify the inference, the pleading will be bad. In all such cases, however, it is better and safer to allege the fact of promise or indebtedness, and then support the allegation at the trial by proof of the particular facts. A pleading, on the one hand, must not state matters of law merely, and on the other hand, it must not state the evidence of the party. It is always good pleading to state the legal effect of the contract, whether it be written or parol.

Of the forms for complaint on contract laid down in the statute, the first six allege a promise. The seventh is somewhat like the complaint in this case, in that it sets out the facts from which the promise is to be implied. In the eighth and ninth the promise is contained in the instrument filed with the complaint. The tenth says the defendant is *indebted* to the plaintiff; and the eleventh alleges that the defendant *owes* the plaintiff.

As the statute declares these forms sufficient in all cases where they are applicable, and that in other cases forms may be used as nearly similar as the nature of the case will admit, a complaint for use and occupation of real estate may be good which alleges the facts from which the implication of the promise or indebtedness will infallibly follow. *Gwaltney* v. *Cannon,* 31 Ind. 227.

Testing this complaint by this rule, we are inclined to hold it sufficient.

We think also that the fourth paragraph of the answer was sufficient. It was something more than a general denial. It alleged one or more facts which would not have been admissible under a general denial.

There were issues made on the other paragraphs of the answer, a trial by jury, verdict for the plaintiff, motion for a new trial overruled, and judgment.

On the trial, the plaintiff proposed to prove the pecuniary

circumstances of the defendant, to which the defendant objected, but the court allowed the evidence to go to the jury, and the defendant excepted. It appeared from the evidence that the defendant was worth six thousand dollars. The defendant afterwards proved what the plaintiff was worth, which was ten thousand dollars, and the verdict of the jury tended to equalize their estates.

The pecuniary condition of the defendant was not in any way in issue, and the evidence in relation to it was improperly admitted, and may have injuriously affected the defendant in the case in the opinion of the jury.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*A. Iglehart*, for appellant.

*J. S. Buchanan, H. C. Gooding*, and *J. M. Shackelford*, for appellee.