No. 11,680.

GARRIGUS, GUARDIAN, v. ELLIS ET AL.

GUARDIAN AND WARD.—*Tort of Ward.*—*Parties.*—An action will not lie against a guardian for the tort of his ward; the latter should be sued alone.

From the Howard Circuit Court.

*M. Garrigus* and *J. E. Moore*, for appellant.

*C. C. Shirley*, for appellees.

BLACK, C.—The appellees sued the appellant, Milton Garrigus, guardian of Milton L. Garrigus. The complaint alleged that the plaintiffs were the owners of a certain mowing machine of the value of $20, which, by permission of one Stover, was stored for protection in his barn, in Howard county; that on, etc., the defendant's said ward wilfully, maliciously and mischievously broke, damaged and destroyed said machine, and hauled the fragments away, and sold them, and converted the proceeds to his own use, all without any authority from the plaintiffs, to their damage in the sum of $20, which sum was due and unpaid; that demand of payment had been made of said ward and of said guardian, but that they, and each of them, refused, etc. It was alleged that said guardian had in his hands a large amount of property and money belonging to said ward, out of which said sum might be paid after making ample provision for the support of said ward. Judgment was demanded for said sum against Milton L. Garrigus, that the same be ordered paid by his said guardian, Milton Garrigus, out of the funds in his hands belonging to his said ward's estate.

The appellant demurred to the complaint, assigning as grounds of demurrer want of sufficient facts, and defect of parties defendants, in that said ward, Milton L. Garrigus, was a necessary party defendant. The demurrer was overruled, and the appellant having refused to answer, judgment was rendered against him.

The appellant's ward was liable to an action for his tort described in the complaint, but no cause of action against the appellant was shown.   The action should have been brought against the ward alone.   It then would have been the duty of the guardian to appear for and defend, or cause to be defended, such suit against the ward; and if he should have failed to do so, the court would have appointed a guardian *ad litem* to defend the interests of the minor.   R. S. 1881, sections 2520, 2521, 258; *Hughes* v. *Sellers,* 34 Ind. 337.

In such case the judgment would be an ordinary personal judgment against the minor.   The guardian should be sued only where he is personally liable, when it is expected to obtain against him a personal judgment. *Clark* v. *Casler,* 1 Ind. 243; *Stevenson* v. *Bruce,* 10 Ind. 397; *Gwaltney* v. *Cannon,* 31 Ind. 227.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

