# Creagh *v.* Tunstall.

*Petition to Chancery Court for Reimbursement for Necessaries Supplied by Stranger to Non Compos Mentis.*

1. *Duty of guardian to lunatic.*—It is the duty of the guardian of a person of unsound mind to look after the wants and comforts of his ward and provide for his maintenance according to the condition of the ward's estate

2. *Same; how this duty may be enforced.*—The extent of the provision to be made the ward is largely within the reasonable discretion of the guardian. Should he fail in this duty, he may be compelled by law to perform it, or be removed from the trust.

3 *Same; when stranger may supply the ward's necessities.*—Where the guardian neglects or refuses to supply the ward with necessaries suitable to the latter's estate and condition, a stranger may supply his pressing wants, and have the same made a charge against the trust fund in the hands of the guardian.

4. *When petition without equity.*—A petition by a stranger asking payment out of the trust fund for supplies furnished the ward, which fails to aver that a demand had been previously made for them on the guardian, or that the guardian had been derelict in the performance of this duty, is without equity.

APPEAL from Hale Chancery Court.

Heard before the Hon. W. H. TAYLOE.

This was a petition filed in the Chancery Court of Hale

[Creagh v. Tunstall.]

county by E. J. Creagh, alleging that the petitioner was the cousin of one, J. C. T. May, a *non compos*, and ward of said court; that the said ward came to the house of petitioner in Clarke county, in a destitute condition, wandering from house to house; that petitioner took him to her house and supplied him with lodging and necessary apparel for eight months for which petitioner had received no compensation. A bill or account accompanied the petition setting out the items charged, with a prayer that the same be allowed and paid to petitioner out of funds in the hands of A. M. Tunstall, the guardian of said ward.

There were no allegations that said guardian had failed or refused to supply his ward, or that request had been made upon him to that end, or that there had been any request made him by petitioner for reimbursement or compensation before filing this petition.

For these omissions the petition was demurred to by the guardian, and the demurrers were sustained by the court, with leave to petitioner to amend, who declined to amend and takes this appeal.

THOS. E. KNIGHT, for appellant.—1. The court erred in sustaining demurrer.—73 Ala. 85; 55 Ala. 441; 10 Paige, 243; 11 N. J. Eq. 423.   2. As to duty of guardian to support ward.—1 Bl. Com. p. 462; *Cawls v. Cawls*, 3 Gilman, 435; *Newport v. Cook*, 2 Ashm. 332; *Stanton v. Wilson*, 3 Day. 37; 8 N. H. Rep. 350; 13 Johns. 80.   3. A stranger may supply the ward with necessaries when no one else will.—*Perrin v. Wilson*, 10 Mo. 451; *Johnston v. Lines*, 6 W. & S. 82; 2 Paige, 419.   4. It was the duty of the guardian to keep the ward under his control, at the place of his domicile.—1 Stra. 167; 3 Atk. 721.

A. M. TUNSTALL, for appellee, cited 39 Am. Dec. 64; 17 Grat. 398; 11 Ga. 607; 1 Bailey, 344; 2 Watts, 95; 31 Ind. 227.

STONE, C. J.—It is certainly true that the guardian of a person *non compos mentis*, is charged with the duty of looking after the wants and comforts of his ward.   On him rests the duty of providing for the latter's maintenance, including suitable subsistence, clothing, medical attention in sickness, &c.; but the extent of such provision is, and must be left largely to the discretion of the guardian, guaged by the financial condition of the estate of the ward.   "The paramount consideration in regard to all expenditures is the

[Creagh v. Tunstall.]

comfort and ease of the lunatic himself, and this is always superior to the rights of those who are entitled to the estate after the lunatic's death."—11 Am. & Eng. Encyc. of Law, 122.

The discretion of the guardian, however, must not be arbitrarily or unreasonably exercised. The comfort and well-being of the ward are the ends to be accomplished; but the condition of the ward's estate must be steadily kept in view. Should the guardian be derelict in duty, and fail to provide suitably for his ward, taking into account the means at his disposal, there is in law a clear remedy for such abuse, either by compelling performance of the duty or by removing the unfaithful or incompetent trustee. And there is another remedy which the law furnishes *ex necessitate*. A neglected ward might be brought to want and suffering before judicial relief could be successfully invoked. In such case a stranger could supply pressing, present wants, and have the same made a charge against the trust fund in the hands of the guardian. But this principle finds neither justification nor field of operation, unless the guardian neglects or refuses to supply the ward with necessaries, suitable to the latter's estate and condition.

In the present case it is not charged that the guardian had requested Mrs. Creagh, the petitioner, to supply his ward, or that he had been derelict in the performance of this duty. The inference from the averments of the petition is, that the ward, of his own mere will, had wandered to her home, and was there supported and entertained by her. From these unaided facts the law does not raise a promise on the part of the guardian that he will pay her for such supplies. There is neither contractual nor legal privity between them. Prima facie the guardian alone is authorized to select the ward's abiding place, and to supply his wants, and the present record fails to show his omission to do so. We concur with the chancellor in holding that the petition fails to make a case authorizing relief.—*Call v. Ward*, 4 Watts & Serg. 118; *Bredin v. Diven*, 2 Watts, 95; *Barnum v. Frost*, 17 Grat. 398; *Tucker v. McKee*, 1 Bailey, S. C. 344; *Nicholson v. Spencer*, 11 Ga. 607; *Gwaltney v. Cannon*, 31 Ind. 227.

Affirmed.