# Colucci's Estate.

*Guardian and ward—Minors—Liability of minor's estate for necessaries—Act of April 23, 1903, P. L. 274 (Juvenile Court Act)—Act of May 8, 1913, P. L. 177.*

Expense incurred in the maintenance of minors committed to various institutions under orders of the Municipal Court of Philadelphia are to be considered necessaries, and the county will be reimbursed for the expenses from the estates of the minors.

224, (1924).]     Syllabus—Assignment of Error.

Under the authority of the Act of April 23, 1903, P. L. 274, (Juvenile Court Act), the court may commit children under the age of sixteen years to the care of proper persons or institutions and make suitable orders for their support. The maintenance furnished to a child under such an order is to be considered "necessaries," and the person or institution furnishing such maintenance can recover from the father of the child as for necessaries furnished to his infant child. If the child has no parent, his own estate, if he has one, is liable as it would be for necessaries furnished to him at his request, or without his request if, by reason of tender age, he cannot contract himself.

Expenditures made by the county for the payment of the children's maintenance come within the same category and there is an implied contract on the part of the minor or his estate to reimburse those who have supplied his necessaries.

Under the Act of May 8, 1913, P. L. 177, the county is given recourse to recover all expenses, incurred in behalf of a child duly committed, from the parties or persons properly chargeable therewith under the laws of the Commonwealth.

Argued March 12, 1924. Appeals, Nos. 335, 336, 337 and 338, Oct. T., 1923, from decree of the Orphans' Court of Phila. Co., Jan. T., 1917, No. 513, sustaining exceptions to adjudication in the Estate of Francesco Colucci, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Exceptions to adjudication. Before GEST, J.

The facts are stated in the opinion of the Superior Court.

The auditing judge allowed the claim of the County of Philadelphia and awarded to it the sum of $927.79, as shown by the account of the guardian.

Exceptions were filed to the adjudication and in an opinion by HENDERSON, J., the exceptions were sustained and the claim of the County of Philadelphia disallowed. The County of Philadelphia appealed.

*Error assigned* was the order of the court.

*William T. Connor,* for appellant.—The county was entitled to reimbursement out of the estate of the minor for the necessary expenses made in behalf of the latter: Krause's Est., 45 Pa. County Court Reports, 239; Estate of Thomas Sharpe, 2 Phila. 280; Strawbridge, &c. App., 5 Wharton 568; Smith's App., 30 Pa. 400; Gilfillen's Est., 170 Pa. 189; Palumbo's Est., 19 Pa. Dist. Rep. 258.

*Robert T. McCracken,* for appellee, cited: Krause's Est., 45 C. C. 239, 26 D. R. 104; Wolf's Case, 58 Pa. Superior Ct. 260; Palumbo's Est., 19 Pa. D. R. 258; Call v. Ward, 4 Watts & Sergeant, 118; Lorenz's App., 69 Pa. 350; Estate of Edward Shore, Deceased, 14 Phila. 321.

OPINION BY GAWTHROP, J., April 21, 1924:

The County of Philadelphia appeals from a decree of the orphans' court of that county sustaining exceptions to an adjudication wherein an allowance was made to it against a fund in the hands of a guardian of minor children, for moneys expended in their maintenance.

The Philadelphia Trust Company was, on March 16, 1917, appointed guardian of Guiseppe, Francesco, Giovanni, Carmela and Attilio Colucci. When it filed its account as guardian in the Orphans' Court of Philadelphia County, and the account came on for audit on June 7, 1923, before the auditing judge, the county presented the claim here involved. It appeared that four of the minors, Francesco, Giovanni, Carmela and Attilio, had been committed as dependent children by the Municipal Court of Philadelphia County, and that an order had been placed upon the county for their support. At the time of the audit, the county had expended, for the maintenance of each of these four minors, an amount in excess of the respective shares to which the account of their guardian showed they were entitled. The auditing judge allowed the claim of the county and awarded to it the total amount due to the four minors mentioned. The

exceptions filed to the order were sustained by the court in banc, and the claim of the county disallowed. Hence this appeal.

The only question involved is the right of the county to be reimbursed out of the estate of the minors for the money paid for their support. There is no dispute as to the sum expended by the county or the reasonableness of the amount paid per week for the maintenance of the minors. The learned judge who wrote the opinion in support of the decree disallowing the county's claim seems to have thought that the question before the court involved the liability of a guardian for the maintenance of its ward when it had made no contract. He undertakes to sustain his conclusions by the citation of cases applicable to that question. The problem is a very different one, namely, whether the estate of the minors is liable under the circumstances. It is hardly necessary to cite authority for the proposition that a father is under legal duty to support, maintain and educate his children. An early case deciding that question in this State is Harland's Accounts, 5 Rawle 323. The duty of parents to maintain their children of tender years is a principle of natural law. It is an obligation laid on them, not only by nature herself, but by their own proper act in bringing them into the world. The municipal laws of all well regulated states have taken care to enforce this duty: 1 Blackstone's Commentaries, chapter 16 (Sharswood's Edition, vol. 1, p. 446). While the father is primarily responsible for the maintenance of his child, if such child has no father against whom liability for necessaries can be enforced, but has an estate of his own, that estate is liable under an implied contract to pay for necessaries proper for him. It was so decided in this State in the early case of Coll v. Ward, 4 W. & S. 118. That was an action in indebitatus assumpsit brought against a guardian by a stepfather of minor children to recover money spent in keeping and maintaining them. It was held that an action does not lie against a guardian

for necessaries supplied to his ward without his consent. The distinction between the liability of a guardian and that of his infant ward for necessaries is clearly pointed out by ROGERS, J., who, speaking for the court said: "If, therefore, a parent refuses to furnish his child with necessaries, a stranger may do so and charge the parent with the price upon an implied assumpsit; but this is not true with respect to a guardian, who is only liable personally on a contract. And the difficulty in the way of the plaintiff is, that there is neither a contract, express or implied, for the court finds that the guardian always refused to allow the plaintiff anything for the maintenance of the children, alleging that he was only guardian to take care of the estate of the minors. We have nothing to do with the reason; it is enough that he refused to become bound for the expense of their maintenance. But it may be asked, what is to be done where the guardian refuses to furnish necessaries for his ward? Miserable, indeed, would be his condition if he might run the risk of starvation with a plentiful estate. The remedy is by application to the court, who will dismiss the guardian for neglect of duty, or the infant may himself purchase necessaries; or if of such a tender age that he cannot contract himself, a third person may supply his wants. But then the guardian is not liable, but the infant. In that case suit must be brought against the infant, who can appear only by guardian, and not against the guardian himself, and the judgment when rendered is against the infant, and execution can only be had of the estate of the infant."

Since the decision in Coll v. Ward, the liability of the estate of an infant for necessaries proper for him, when the liability of the parent is not involved, seems not to have been questioned in this State. Are the expenses of maintaining these minors under the orders of the municipal court to be considered necessaries? The State, by the Act of April 23, 1903, P. L. 274, known as the Juvenile Court Act, undertook to provide for the

care, treatment and control of neglected and dependent children under the age of sixteen years. By that act the courts of quarter sessions of the several counties of the Commonwealth were given full jurisdiction in all proceedings brought before them affecting the treatment and control of such children. The court may commit such a child to a suitable institution, or to the care of a proper person, and make an order on the parent or parents of any such child to contribute to its support. By the Act of June 17, 1915, this jurisdiction in Philadelphia County is transferred to the municipal court. The purpose of the Act of 1903 is reformation, not punishment. The procedure thereunder is not a criminal one, and the commitment is not to be regarded as a penalty for crime: Com. v. Carnes, 82 Pa. Superior Ct. 335. The maintenance furnished to a child under an order made by authority of the act is to be considered "necessaries," and the person furnishing such maintenance could recover from the father of the child as for necessaries furnished to his infant child. If the child has no parent, as in the present case, his own estate, if he has one, is liable as it would be for necessaries furnished to him at his request, or without his request if, by reason of tender age, he cannot contract himself.

The Act of May 8, 1913, P. L. 177, provides that, where any dependent or neglected child is committed to the care of any association, society or person by any court and an order for the payment of the maintenance of the child and the expense of such commitment is made upon the proper county for the payment of the child's maintenance, the county shall be liable to the association, society or person for the maintenance of the child, and that the county shall, in all cases, have full recourse to recover all expenses incurred in behalf of the child so committed from the parties or persons properly charged therewith under the laws of the Commonwealth. Here is direct provision for the collection by the county from the "parties or persons properly charged," of the amount

expended for the maintenance of children committed under the Juvenile Court Act. In the present case, the "parties or persons properly charged" are the minors themselves. It is argued by the appellee that the Act of 1913 uses the language "properly charged therewith under the laws of this Commonwealth"; and that the words "laws of this Commonwealth" refer to the statutory law. We do not so regard it. We are clear that the words "laws of the Commonwealth" comprehend the common law, the statutes and the authoritative decisions of the Supreme Court.

We regard the relation between the county and these minors as analogous to that existing between the State and a lunatic confined in a state hospital. The Act of June 1, 1915, P. L. 661, makes direct provision for the collection by the Commonwealth of the amount expended by it for maintenance of a lunatic confined in any institution maintained in whole or in part by the Commonwealth. In cases arising under that act, our Supreme Court has frequently declared that there is an implied obligation on the part of a lunatic, or his estate, to reimburse those who have supplied his necessities. See Arnold's Est., 253 Pa. 517; Hoffmann's Case, 258 Pa. 343; Harnish's Est., 268 Pa. 128; Walters' Case, 278 Pa. 421. By these cases, it seems to be well settled that the amount expended may be recovered on an implied contract between the State and the lunatic that the latter, or his estate, shall repay the sums expended for his benefit. We are constrained to hold, therefore, that the right of the county to recover the claim here involved exists both under the Act of 1913, P. L. 177, and under an implied contract.

The court below had jurisdiction to make the award, and the proper time and place for the county to present its claim was in the proceedings to distribute the estate of the minors. In Harnish's Est., supra, the question was whether, under the Act of June 1, 1915, P. L. 661, the jurisdiction to enforce liability was exclusively in the

court of common pleas, to which court jurisdiction was given by section 4 of the act. It was held that such jurisdiction is not exclusive of the right of the Commonwealth to enforce the liability by appropriate proceedings in the orphans' court.

In reaching this conclusion we have not referred to the order of the municipal court made October 2, 1918, directing the guardian of these minors to pay the county for their maintenance up to that date, because the right of the county to an award in this proceeding does not depend at all upon that order. We mention the order only because of the statement in the opinion of the court below that the decision of the case involves the question whether a guardian appointed by the orphans' court is subject to the authority of the municipal court to enter orders against it. While that question is not involved, we all agree that the municipal court has no such authority.

The assignments of error are sustained, the judgment of the court below is reversed, with the direction to make an award to the County of Philadelphia in conformity with this opinion.