## Timmins's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

*Joseph A. Allen*, for exceptant.

*Daniel C. Donoghue, James Fitzpatrick* and *Daniel J. Shern*, contra.

VANDUSEN, J., March 10, 1933.—No doubt the estate of an incompetent person is liable for necessaries furnished to him by a volunteer, when his estate is not in the hands of a guardian, or, if in such hands, when the guardian neglects or refuses to provide such necessaries or in case of emergency. This is not on the basis of contract, for the incompetent person cannot contract, and his guardian does not do so. The purpose of appointing a guardian is not only to take care of the property of the incompetent, but to provide him with necessaries which can be bargained for and contracted for under the direction of the court. The liability for necessaries, when not so protected, is easily abused.

This claimant served as nurse for two years with full knowledge that there was a guardian with whom she could contract for extra services, in addition to the board which she was paid by contract. No claim was made upon the guardian until it was too late. A husband would not be liable for services to his wife under similar circumstances, and the principle is much the same.

Colucci's Estate, 83 Pa. Superior Ct. 224, and Smith's Case, 298 Pa. 358, cited by exceptant, are cases of statutory liability to the public authorities for support of the ward, and the considerations applicable to private persons are not applicable to them.

The exceptions are dismissed and the supplemental adjudication is confirmed absolutely.