## Provident Trust Co. v. Hofstetter

*Joseph A. Rainville, Jr.*, and *George T. Butler*, for plaintiff.

*Geary & Rankin*, for Delaware County Trust Company, individually and as guardian.

BROOMALL, J., July 22, 1938.—Motions of plaintiff for judgment non obstante veredicto and for a new trial were

argued before the court in banc. As the motion for a new trial was not pressed at the argument or referred to in the briefs filed, we assume it is abandoned. No substantial reasons were assigned for a new trial.

The same question now before us was considered on a motion of plaintiff for judgment for want of a sufficient affidavit of defense. We were then of the opinion that it should be submitted to a jury in order to have all the facts fully developed. However, upon the trial the facts were established by the pleadings without the introduction of any oral testimony. The facts are therefore not in dispute. We did expect that evidence would be offered to show the status of the decedent's and minor's estate; or that the guardian did not exercise proper discretion or good faith in executing the contract which is the subject of this suit. No such evidence was offered.

The suit was instituted August 6, 1936, by plaintiff against Delaware County Trust Company, a corporation, Delaware County Trust Company, guardian of the estate of Anne Hofstetter, a minor, and Anne Nelson Taggert, individually and as executrix of the estate of George Hofstetter, Jr., deceased, as defendants, to recover the amount of a deficiency judgment recovered October 28, 1935, in proceedings to no. 193 June term, 1934, C. P. Delaware County, upon petition of plaintiff to fix the fair value of the property sold. This deficiency judgment was entered against Anne Nelson Taggert, individually and as executrix of the estate of George Hofstetter, Jr., deceased, and Delaware County Trust Company, guardian of the estate of Anne Hofstetter, a minor. The Delaware County Trust Company was not named individually in the last-mentioned proceedings. No appeal was taken from the deficiency judgment.

The summons and statement of claim in this suit were served upon the Delaware County Trust Company, individually and as guardian of the estate of Anne Hofstetter, a minor. Service was not had upon Anne Nelson Taggert, individually and as executrix of the estate of George

Hofstetter, Jr., deceased. The suit was proceeded with against the Delaware County Trust Company individually and as guardian aforesaid.

Plaintiff bases its right to recover upon a mortgage extension agreement in writing, dated August 3, 1926, which according to the caption is "between Provident Trust Company of Philadelphia and Benjamin Franklin Theobald trustee under the will of Phillip R. Theobald, deceased (hereinafter called first party), and Anne Nelson Taggert (formerly Anne Nelson Hofstetter) individually and as executrix of the will of George Hofstetter, Jr., deceased, and Delaware County Trust Company, guardian of the estate of Anne Hofstetter, a minor (hereinafter called second party)." It further recites that George Hofstetter, Jr., executed and delivered to The Provident Life and Trust Company of Philadelphia, trustees for "The West Laurel Hill Cemetery Company Contingent Fund," a bond in the principal sum of $5,000, dated April 14, 1921, secured by a mortgage bearing even date therewith, recorded in the office for recording of deeds in and for this county in mortgage book no. 389, p. 451 etc., secured upon premises therein particularly described. It also sets forth that the premises subject to the lien of the mortgage were at the time of the execution owned by the estate of George Hofstetter, Jr., deceased, and that the first party was requested by the second party to extend the time for the payment of the unpaid principal sum represented by the said bond and mortgage. In consideration of the premises and of the sum of $1 unto each of said parties by the other in hand paid by the second party they jointly and severally covenanted, promised, and agreed to pay the unpaid principal of said mortgage with interest from April 14, 1926, and in consideration thereof the first party agreed to extend the time for the payment to October 14, 1929. There were other provisions for the payment of taxes et cetera which are immaterial to this issue.

The agreement is on a printed form provided by the Provident Trust Company of Philadelphia, and was executed by its proper officers with its corporate seal. Typewritten after its printed name are the words "one of the trustees under the will of Phillip R. Theobald, deceased." Anne Nelson Taggert signed with her seal, and after that appear the typewritten words "(formerly) A. N. H." with the written signature of Anne Nelson Hofstetter followed by the typewritten words "(seal) individually and as executrix of the will of George Hofstetter, Jr., deceased". The Delaware County Trust Company executed the same by its officers with its corporate seal and after its typewritten name appear the typewritten words "guardian of the estate of Anne Hofstetter, a minor". Benjamin Franklin Theobald signed with his seal and wrote after his name the words "one of the trustees under the will of Phillip R. Theobald, deceased."

The mortgage mentioned in the extension agreement was assigned by The Provident Life and Trust Company of Philadelphia, trustees for the "West Laurel Hill Cemetery Company Contingent Fund", to Provident Trust Company of Philadelphia and Benjamin Franklin Theobald, trustees under the will of Phillip R. Theobald, deceased, by assignment of mortgage dated August 11, 1926, and recorded in the office aforesaid in assignment of mortgage book no. 94, p. 103, etc. Benjamin Franklin Theobald, one of the parties of the first part to the extension agreement, died January 7, 1932, leaving Provident Trust Company of Philadelphia the surviving trustee as plaintiff.

Adopting the question involved as stated by counsel for plaintiff, it is—"Where a guardian executes an agreement for the extension of a mortgage secured on premises in which the minor has an interest, adding to its signature the words 'guardian of the estate of', etc., without obtaining the consent of the orphans' court having jurisdiction, is the guardian personally liable on the

agreement for a deficiency judgment obtained after foreclosure of the mortgage?"

As authority for the proposition, plaintiff cites 12 R. C. L. 1128, sec. 27, as follows:

"Generally speaking, a guardian is without power to bind the ward or his estate by any contract. Even if the contract be one which it was proper or necessary for him to make in the execution of the trust, the liability thereunder rests upon the guardian personally, and not upon the estate of the ward, and though he signs a note as guardian, and it is properly given for a debt incurred for the benefit of the ward, the guardian is personally liable. While this rule may seem unreasonable at first thought, it is supported by sound reason. The guardian knows or should know the condition of his ward's estate and what expenditures can properly be made from it. If the contract is a prudent and proper one, the guardian is perfectly protected by his right to charge his expenditures upon the assets. The person with whom he deals has not this knowledge or means of protection. Clearly, therefore, the other party should have the right to look to the guardian with whom he contracted . . .".

Two Pennsylvania cases are relied upon by plaintiff to support this proposition, namely, Call v. Ward, 4 W. & S. 118 (1842), and Woodward's Appeal, 38 Pa. 322 (1861).

There seems to be a dearth of authority in Pennsylvania as the only citation of either of the cases referred to on the question involved appears to be Colucci's Estate, 83 Pa. Superior Ct. 224, where Call v. Ward, supra, is cited as authority for the proposition that while the father of a child is primarily responsible for its maintenance, if such a child has no father against whom liability for necessaries can be enforced but has an estate of his own, the estate is liable under an implied contract to pay for the proper necessaries, but that an action does not lie against a guardian for necessaries supplied to his ward without his consent, and the court goes on to say at page 228:

"Since the decision in Call v. Ward, the liability of the estate of an infant for necessaries proper for him, when the liability of the parent is not involved, seems not to have been questioned in this State."

In Woodward's Appeal, supra, the liability was implied for the reason that a deed conveying certain premises to the guardian by order of court under and subject to a mortgage debt existing at the time of the transfer, being part of the consideration, imposed a personal liability on the guardian to see that it was paid out of the estate of the minor. This case is cited frequently as authority for the mortgage proposition, being decided prior to the passage of the Act of June 12, 1878, P. L. 205, sec. 1, 21 PS §655, which specifically imposes personal liability on the grantee where the deed contains an "under and subject" clause. However, an examination of the facts seems to indicate more of a duty on the guardian than a personal liability to pay the mortgage debt. From the facts it appears that the minor died and his estate, consisting of the real estate subject to the mortgage and other personal property, passed to a third person. It was held that the guardian having assumed the obligation of the mortgage debt under the clause in the deed was not required to make settlement of the minor's estate without being protected from liability. The guardian was in court asking indemnity out of the ward's estate against a liability lawfully and properly incurred, and the court was of the opinion that before the estate passed out of control of the court the guardian should be indemnified against any possible loss.

In the instant case, upon the death of decedent, the premises bound by the mortgage of plaintiff passed, either by his will or under the intestate laws, to his widow and minor child. The widow was sui juris and executrix of the estate, while the Delaware County Trust Company was appointed guardian of the minor by the orphans' court. There was no deed with an "under and subject"

clause creating a personal liability upon either the widow or the minor to pay the mortgage debt. The estate of decedent alone remained liable for the mortgage debt. The assets of the estate of decedent had to be applied to the payment of the mortgage debt before the widow and minor would be entitled to their respective shares. The heirs were not personally liable.

When the widow individually and as executrix executed the extension agreement, she made herself personally liable and the liability of the estate was not increased by her signing the agreement. The estate was already liable. The purpose of the extension agreement was to preserve one of the assets of that estate and at the same time impose personal liability on the owners of the property in the capacity in which they held title subject to the mortgage debt. The widow had her share individually, while the share of the minor child to all intents and purposes belonged to her except that she lacked legal authority to enter into a contract; hence her guardian in acting for her only bound her share of the real estate and personal property of decedent as they were already bound. There was no legal method to make the minor personally liable, as she could repudiate her act or the act of her guardian when she became of age.

The extension agreement must be examined as a whole to obtain the intention of the parties in determining their rights and liabilities thereunder. By the insertion of the word "individually" in the body of the agreement and in the execution thereof under seal in the same manner by the widow, personal liability was imposed upon her. This cannot be said of the execution by the guardian. By the use of the word "individually" as to one and not as to the other, it is obvious that the parties intended that the widow should be bound individually and that the guardian should be bound only in its capacity as guardian. To hold the guardian liable individually under the agreement, we would have to infer something not expressed in the agreement and overthrow its positive language.

This conclusion is strengthened when we consider that the agreement is on the printed form of plaintiff. The agreement as prepared by plaintiff imposed a personal liability on the widow but not upon the guardian. If there should be any doubt we must construe it against the party who drafted the agreement. The typewritten words are entitled to greater effect than those printed in the agreement. It speaks for itself in language so clear and unambiguous as to the intention of the parties that we cannot add to, strike out, or imply additional obligations clearly not assumed and thus make a new contract between the parties in the absence of the averment of fraud, accident, or mistake.

Any right of plaintiff to recover must therefore be based upon a quasi or implied contract, growing out of the execution of the extension agreement by the guardian, whereby the law imposes an obligation upon the guardian to pay the debt individually. This is the reason assigned in some of the decisions from other jurisdictions holding a guardian liable individually under a contract executed as guardian. We cannot adopt this as applicable to the instant case under its facts. Such obligations are created for reasons of justice which do not appear here. On the contrary, it appears to be an injustice to impose personal liability on a guardian, especially a trust company, for entering into an agreement as guardian for the purpose of preserving the assets of the minor's estate, where there is no evidence of bad faith or fraud. If a guardian enters into a contract for the maintenance and education of the ward, not consistent with the assets of the minor's estate, or commits a tort in the management of the minor's estate, a different question would be presented.

The A. L. I. Restatement of Contracts does not decide the exact question. However, analogous to it we find in section 86 under promise to pay a debt barred by the statute of limitations by subsection 1, ". . . a promise to perform all or part of an antecedent contractual or quasi-

contractual duty . . . is binding if the antecedent duty was once enforceable by direct action"; and by subsection 3:

"An executor, administrator, trustee or guardian who makes such a promise as that stated in Subsection (1) cannot by so doing impose a duty upon the estate which he represents. Nor will he be personally bound unless he was bound by the antecedent duty."

Paraphrasing this with the facts of the instant case, we find no distinction. If the extension agreement had instead been an agreement to toll the statute of limitations, they would be the same. The guardian was not bound either personally or as guardian to pay the mortgage debt at the time the extension agreement was executed.

We, therefore, conclude that defendant Delaware County Trust Company is not liable individually to plaintiff under the terms of the extension agreement. This. conclusion eliminates from consideration the questions raised as to the form of the action, the sufficiency of the averments in the statement of claim, the lack of authorization by the orphans' court to enter into the agreement, and also the question of ultra vires. Upon the trial, counsel for Delaware County Trust Company admitted its liability as guardian. The affidavit of defense was also filed individually and not as guardian. We will permit entry of judgments accordingly.

And now, to wit, July 22, 1938, motion of plaintiff for a new trial is refused, motion of plaintiff for judgment non obstante veredicto is refused, leave is granted to defendant Delaware County Trust Company individually to enter judgment on the directed verdict against plaintiff, and leave is granted to plaintiff to enter judgment on the directed verdict in its favor against the Delaware County Trust Company, guardian of the estate of Anne Hofstetter, minor, by default for want of an affidavit of defense, in the sum of $1,893.41, together with interest from March 22, 1933.