## Estates of Thomas Minors

*John P. Sipes*, for petitioner.

SHEELY, P. J., June 11, 1945.—The mother of these minors, aged seven years and 19 months, respectively, has applied for an allowance for their support from their estates. Admittedly she is unable to support them without assistance, and the Department of Public Assistance of the Commonwealth of Pennsylvania has refused further assistance on behalf of the children so long as they have an estate of their own. The estate of each minor, received from the estate of their deceased father, amounts to about $180. The problem presented

is whether the court should direct a suitable periodical allowance for their support out of their estates under the authority of section 59(i) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §1042.

In effect this application is in behalf of the Commonwealth, as the mother would not have filed it except on the insistence of the Department of Public Assistance. If we felt that the allowance were discretionary with the court we would be inclined to refuse it since the fund is so small that it would not support the children for more than a year. While section 59(i) provides that the court "may" direct an allowance, we do not believe that the allowance is discretionary when the need is apparent as it is in this case. In Call v. Ward, 4. W. & S. 118 (1842), it was decided that if a child has no father against whom liability for necessaries can be enforced, but has an estate of his own, that estate is liable under an implied contract to pay for necessaries proper for him. It was there said that the infant may himself purchase necessaries, or if of such a tender age that he cannot contract himself a third person may supply his wants, and in either case suit may be brought against the infant, who can appear only by guardian, and the judgment when rendered is against the infant and execution can be had only from his estate. In Colucci's Estate, 83 Pa. Superior Ct. 224, 228 (1924), it was said:

"Since the decision in Call vs. Ward, the liability of the estate of an infant for necessaries proper for him, when the liability of the parent is not involved, seems not to have been questioned in this State".

In that case (Colucci's Estate) it was held that the estate of the minor was liable for the amounts expended by the county for the maintenance of the minor under an order of the juvenile court. This question is finally settled by the decision of the Supreme Court in Reiver's Estate, 343 Pa. 137 (1941), where a claim was made by the Commonwealth for reimbursement

out of a minor's estate for public assistance granted to the mother of the minor on his behalf. The Supreme Court there said (p. 138) :

"Where the State, under legislative authority, has provided maintenance for an indigent person, and it subsequently appears that the beneficiary has an estate or property of his own, the Commonwealth is entitled to recover from him the moneys expended on his behalf. . . . Its right to repayment is not dependent upon statutory permission, but rests upon the common-law doctrine that 'there is an implied duty on the part of a recipient of public assistance, or his estate, to make reimbursement': Waits' Estate, 336 Pa. 151, 156. . . . but . . . it is limited to property owned by him during the time the assistance was rendered or his right to ownership of which existed or was acquired during such time".

Thus, if we refuse to make the allowance the Commonwealth may supply the needs of the children and recover from their estates on an implied contract, or wait until the guardian's accounts are filed and then claim the balance in reimbursement. Under the circumstances here present we consider ourselves bound to make an allowance of $3 per week in the estate of each minor.

And now, June 11, 1945, it is ordered and decreed that the Chambersburg Trust Company, guardian of the estates of Robert Joseph Thomas and William Howard Thomas, pay unto Bertha Thomas, mother of said minors, the sum of $3 per week from the estate of each minor for the support of such minor, the payments to be made in such instalments as may be convenient and a sufficient amount to be reserved by the guardian to cover the cost of filing its account and other expenses when the estates are closed.