## Commonwealth v. The County National Bank at Clearfield

*Edward T. Kelley*, for petitioner.
*John J. Pentz* and *M. L. Silberblatt*, for respondent.

BELL, P. J., June 18, 1952.—Clair Lightner was the father of the three minors mentioned. A plaintiff's statement of claim was filed in the Court of Common Pleas of Clearfield County to December term, 1946, no. 128, by the administrator of Clair Lightner's estate against Edward Delinsky, in trespass, alleging that Edward Delinsky had operated his motor vehicle so recklessly that he had run into Clair Lightner and killed him while he was walking along the street. A petition was presented to the court setting forth that a settlement of $2500 was approved in this estate. The County National Bank was appointed guardian for the minors. A fee of $250 was allowed, and $500 paid the guardian in each of the estates. It is this $500, or what remains of it, that the Department of Public

Assistance is seeking to have paid over to them by this petition, which was filed March 11, 1952.

There was a petition presented in behalf of the mother of the children in October of 1949 saying that she was receiving public assistance in the amount of $22 per month for each child, and asking that the court order the County National Bank to turn over to the Department of Public Assistance the sum of $22 a month on behalf of each child, until further order.

Under an opinion written November 1, 1949, we pointed out that there was for Sidney James Lightner, then seven years of age, the sum of $460; for Richard Blake Lightner, then 16 years of age, the sum of $410; and for Ronald Clair Lightner, then 13 years of age, the sum of $435; and pointed out we understood neither the guardian nor counsel for the estate desired to use the money for the Department of Public Assistance, and the petition had been presented by outside counsel. The present petition is presented by still another firm. In that opinion we said that if the minors' father was still living, or had been struck by an automobile, for which they might need some money in the future, we would refuse the petition and we did not feel that in every case in which a minor may have some estate, that the Department of Public Assistance was entitled to tap the assistance if the total amount of the estate was less than $500. We said:

"We have given consideration to the fact that where the amount is a larger sum, and came from a father's estate, he having had the duty of support, that there would be some grounds for making an order keeping in reserve a minimum sum of not over $500.00 for such emergency as might arise under which the Department of Public Assistance under the rules and regulations would not provide for."

We went on and noted the amount due each of the minors was less than $500 and would be expended, if

reimbursed at the rate of $22 a month, as requested, in a little over two years.

The present petition sets forth that there remains in the County National Bank for Sidney James Lightner the sum of $428.35; for Richard Blake Lightner the sum of $295.35; and for Ronald Clair Lightner the sum of $393.35. The Department of Public Assistance has requested that a rule issue on the County National Bank to show why the entire sum should not be paid over to the Department of Public Assistance to reimburse them for the money paid. This rule has been issued and served upon the County National Bank and no answer filed in their behalf nor is any brief filed. We have a brief on behalf of the Department of Public Assistance.

At common law there is an implied duty on the part of a recipient of public assistance or his estate to make reimbursement. See Waits' Estate, 336 Pa. 151. The Supreme Court has ruled that a mother is not the recipient of public assistance for her children for herself, but that the assistance was intended for the welfare of the children and the mother was merely the person through whom it was furnished. See Reiver's Estate, 343 Pa. 137, in which it was held that when a minor received his estate it was liable for the money furnished his mother for his maintenance, the Supreme Court saying on page 138:

"Where the State, under legislative authority, has provided maintenance for an indigent person, and it subsequently appears that the beneficiary has an estate or property of his own, the Commonwealth is entitled to recover from him the moneys expended on his behalf."

In our opinion on November 1, 1949, we stated that the amount was less than $500, and that had the amount been larger we would probably have directed

payment of at least a part thereof towards reimbursement to the state.

Under section 59 (*i*) of the Fiduciaries Act of June 17, 1917, P. L. 447, 20 PS §1042, and its supplements, it is provided that the court may direct an allowance for support of the minor. Clair Lightner was killed prior to the Act of 1949. The payments by a guardian out of a minor's funds have always been held to be at the discretion of the court or the guardian; and if the latter, it must meet the court's approval. In the case of Estates of Thomas Minors, 53 D. & C. 100, Judge Sheely specially presiding, said that if the allowance were discretionary with the court, he would be inclined to refuse it because it would not be sufficient to support the children for more than a year. This is the same thing that we had in mind when we made the order filed November 1, 1949. Judge Sheely points out that the early Pennsylvania cases, citing Call v. Ward, 4 W. & S. 118, in 1842, held that a child, where no father lived, could be sued and a recovery had for necessaries furnished him. In Colucci's Estate, 83 Pa. Superior Ct. 224, a 1924 decision, it was held that the estate of an infant was liable for necessaries, where there are no liabilities of a parent involved. Thus on an audit of the account of the guardian, the State could present a claim for the necessities furnished.

We feel that should a child be struck with an automobile and lose the sight of an eye, or vision of both, and as a result receive a payment from the insurance company to help him under his handicapped condition later in life, it is not right that, because he is receiving public assistance, the sums paid him as compensation should be liable for payment to the State. Under the decisions we cannot see how the same could be prevented.

As the amount remaining in the hands of the County National Bank as guardian is less than the

amount paid by the Department of Public Assistance since the death of the father, while we do approve, in compliance with the law, we see no alternative other than to order the County National Bank to file final accounts and petition to be discharged, and pay any balance remaining over to repay the Department of Public Assistance, and will make the following

*Order*

Now, June 18, 1952, for the reasons given in the foregoing opinion, the County National Bank at Clearfield is directed to file an account in each of the three estates, show that balance remaining for distribution after the expenses of the account and discharge are taken care of, and pay the balance remaining to the Department of Public Assistance.