## Bradley Estate

*John M. McAllister*, for accountant.

KLEIN, P. J., February 9, 1965.—Decedent, Diane Bradley, died on October 17, 1960, at the age of four, as a result of injuries sustained in an automobile accident. Letters of administration were granted to Lucille Bradley, her mother, who instituted suit for damages against Warner Lafland in the County Court as of March term, 1962, no. 7152-B. The case was settled in the amount of $3,500, which was awarded to the administratrix.

On November 4, 1964, the administratrix filed her account, which was called for audit on January 7, 1965.

Counsel for the accountant did not advertise the grant of letters. He took the position that such advertising was unnecessary because decedent could not

have incurred any liability for debts as she was only four years old when she died. We think this conclusion to be incorrect.

Section 312 of the Fiduciaries Act of 1949, as amended by Act of August 17, 1951, P. L. 1258, sec. 2, provides:

"The personal representative, immediately after the grant of letters, shall cause notice thereof to be given in one newspaper published at or near the place where the decedent resided, and in the legal periodical, if any, designated by rule of court for the publication of legal notices, once a week for three successive weeks, together with his name and address; and in every such notice, he shall request all persons having claims against the estate of the decedent to make known the same to him or his attorney, and all persons indebted to the decedent to make payment to him without delay."

A reading of this section indicates that the direction requiring the personal representative to advertise in accordance with its provisions applies to all administrators. There is nothing in this section which exempts the personal representatives of estates of deceased minors from complying with the requirement.

The primary responsibility of probate courts is to protect the rights of creditors of a decedent. The purpose of the requirement to advertise "is to advise creditors and debtors of the deceased as to his death and inform them of the proper person to whom they should present their claims, or make payment, as the case may be, and the provisions of the act must be strictly followed": Partridge-Remick, Pennsylvania Orphans' Court Practice §12.03.

Ordinarily parents are responsible for necessaries furnished to infant children. If a child's parents are dead, or their whereabouts are unknown, or the parents are without financial means to meet such obligations, the infant's own estate, if she has one, is liable

for necessaries furnished to her at her request or without her request if, by reason of tender age, she cannot contract herself. See Colluci's Estate, 83 Pa. Superior Ct. 224 (1924). See also Reiver's Estate, 343 Pa. 137 (1947); Commonwealth v. Hornacek, 347 Pa. 596 (1943); Department of Public Assistance v. Sharago, 381 Pa. 74 (1955).

In the county court proceedings in the present estate, conflicting allegations were made by counsel concerning the child's father. One insisted that he was dead; the other that he was alive. The child's mother is indigent and has been receiving relief from the Department of Public Welfare. In any event, it seems clear that there is no fund other than this estate from which the claims for necessaries furnished to the deceased minor could be recovered.

Unless the grant of letters in cases of this nature is advertised, it would be a simple matter to fraudulently deprive the Commonwealth, hospitals, physicians and others of the opportunity to seek compensation for necessary services which they may have rendered, or reimbursement for funds which they may have expended for the care, support and maintenance of the minor children of impecunious parents.

Lucille Bradley, the administratrix, is directed forthwith to advertise the grant of letters of administration issued to her in accordance with section 312 of the Fiduciaries Act of 1949, supra.

The account will accordingly be returned to the clerk's office marked "not audited." Upon the expiration of six months after the first complete advertisement of the original grant of letters, counsel may request that the account be placed on a deferred audit list for appropriate disposition.